E. E. ANDREWS v. STATE.

No. A-284.    Opinion Filed February 6, 1911.

(113 Pac. 201.)

JURY—Method of Drawing—Waiver. A person charged with a misdemeanor may waive the drawing of a jury from the box.
(Syllabus by the Court.)

*Appeal from Kiowa County Court; J. W. Mansell, Judge.*

E. E. Andrews was convicted of selling intoxicating liquors, and appeals. Affirmed.

*Thos. W. Conner,* for appellant.
*Smith C. Matson,* Asst. Atty. Gen., for the State.

ARMSTRONG, JUDGE. The information in this case was filed in the court below on the 12th day of May, 1909. On the

14th day of May the cause was continued by agreement to the 31st day of May. The cause came on for hearing on the 1st day of June following, the record reciting that this was one of the regular judicial days of the regular April term of the county court; that on said day both sides announced ready for trial, and the court instructed the clerk to call a jury to the box. The clerk proceeded to call the jury, and there appeared to be only ten jurors present. Whereupon the county attorney and the attorney for the appellant entered into the following agreement, which appears in the record:

"There being present only ten of the regular panel of the jurors summonsed to try the issues in this cause, it is mutually agreed by and between the counsel for the state and the defendant that they proceed to challenge two jurors each and waive the summonsing of the two additional jurors."

After this agreement had been entered into, the attorney for the appellant objected to proceeding further with the trial and asked leave to interpose what he terms a demurrer, which appears in the record as follows:

"(1) For the reason that this is not a regular term of the county court of Kiowa county, Oklahoma. (2) For the further reason that the jury present to try the above entitled cause is not the regular jury drawn from the jury box, but is a special jury summonsed by the sheriff of this county upon an open venire to try this particular case, after the regular jury in attendance upon said court has been discharged on or about the 17th day of April, 1909, and the defendant at this time asks leave to show facts in support of these his objections."

Whereupon, the following agreement was entered into between the county attorney and the attorney for the appellant:

"It is mutually agreed by and between the counsel for the state and the defendant that since the regular jury has been discharged from attendance upon this court that said court has been adjourned from Monday to Monday up till the present time, and on the last Monday, to wit, the 31st day of May, 1909, was adjourned to this day. It is further mutually agreed that the jury now present to try the issues in the above-entitled cause are not a regular jury in attendance upon this court, but is a special jury summonsed by the sheriff of this county upon an open venire

to try the issues of this particular case. It is further agreed that the regular jury drawn from the jury box was discharged from attendance on this court on or about the 17th day of April, 1909."

Upon the above agreement being entered into, the court overruled defendant's demurrer, and he excepted. It appears that this appellant had agreed on the 14th day of May for this cause to be continued to the 31st day of May, 1909; that the regular jury had been discharged nearly a month prior to the date this agreement was entered into; that, when the case was called for trial, the appellant announced ready and agreed to waive one of his challenges to the jurors present, and the jurors had been called to the box. We think the appellant waived whatever right he may have had to demand a trial by a jury drawn from the box in the regular manner by announcing ready and waiving one of his challenges.

There are no other errors urged by counsel for the appellant in his brief, and, none appearing from the record, this cause is affirmed.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.