### IN THE

# SUPREME COURT OF TENNESSEE

### FOR THE

## EASTERN DIVISION.

## KNOXVILLE, SEPTEMBER TERM, 1923.

---

W. E. FARMER *et al. v.* THE STATE.

(*Knoxville.* September Term, 1923.)

CRIMINAL LAW. Acts held to warrant belief offense was about to be committed in officer's presence, justifying arrest and search, and evidence seized was admissible.

Where an officer sees the accused entering a house of questionable reputation with a package partially concealed by a raincoat, and on the approach of the officer the accused jumps into an automobile and flees, and on being overtaken whiskey in broken jars is discovered in his possession, the officer is justified in arresting the accused, under Shannon's Code, section 6997, pro-

---

\*On transportation of concealed liquor as an offense within presence of officer authorizing arrest without a warrant, see note in 20 A. L. R., 652;

On liability of officer for making an arrest on view without a warrant, see note in 51 L. R. A., 206.

viding that an officer may lawfully arrest without a warrant to apprehend one who is violating the law, and the evidence thus obtained is admissible against the accused.

Cases cited and approved: Hughes v. State, 145 Tenn., 544; Tempton v. State, 252 S. W., 1007; State v. Reichman, 135 Tenn., 653.

Code cited and construed: Sec. 6997 (S.).

---

FROM KNOX.

---

Error to the Criminal Court of Knox County.—Hon. T. A. R. Nelson, Judge.

Fred C. Houk, for accused.

Wm. H. Swiggart, Jr., Assistant Attorney-General, for the State.

Mr. Justice Cook delivered the opinion of the Court.

C. F. Field, constable, and W. M. Weisgarber, a deputy sheriff in Knox county, while on May avenue, a public street of Knoxville, engaged in the collection of some accounts, observed Robert Underwood sitting in a car beside the street, and W. E. Farmer going from the car to a house of questionable reputation with a package partially concealed by a raincoat. When plaintiffs in error saw the officers they fled. Underwood started the car, and Farmer running to it, climbed in as it was moving away. The officers followed and overtook them at Gay street, where they observed three or four broken fruit jars in the car and whisky dripping from it.

Upon these facts there was a verdict of guilty, and the jury assessed a fine of $150 against each defendant, which, with costs, was made the judgment of the court.

The defense offered no proof, and insisted that the testimony of the officers was inadmissible, because the information was obtained illegally.

As was insisted in the court below, it is insisted in this court that there is no legal evidence to authorize a verdict of guilty; that the evidence introduced and admitted by the court over the objection of the defense was not admissible, because obtained by the officers in an unlawful search of plaintiffs in error, and an unlawful arrest.

In support of this insistence plaintiffs in error rely upon *Hughes* v. *State,* 145 Tenn., 544, 238 S. W., 588, 20 A. L. R., 639, and *Hampton* v. *State* (Tenn.), 252 S. W., 1007, which declare the right of the citizen against unlawful search and seizure guaranteed by the Constitution.

There is a very clear distinction between the act of an officer entering a man's home to discover evidence as a means of penalizing him, or the act of an officer apprehending a citizen on the highway for the purpose of discovering evidence to penalize him, and the act of arresting one who is threatening a breach of the peace, or at the time engaged in a violation of the law.

Where the action of the person or persons and the surrounding circumstances are such as to indicate to the officer a threatened breach of the peace, or where it appears that one is violating the law, the officer may lawfully arrest without a warrant, either to prevent a threatened breach of the peace, or to apprehend the one who is violating the law. Shannon's Code, section 6997; *Hughes*

v. *State,* 145 Tenn., 571, 238 S. W., 588, 20 A. L. R., 639; *State* v. *Reichman,* 135 Tenn., 653, 188 S. W., 225, Ann. Cas., 1918B, 889.

In this instance the observation of the suspicious packages concealed under Farmer's raincoat, coupled with his and Underwood's flight, justified the officers in following them, and coming upon their car, and seeing the broken fruit jars, and the whisky flowing from the car, warranted the officers in making the arrest under the authorities quoted.

There is no error, and the judgment must be affirmed.

All concur.