HARLOW *v.* THE STATE.

(*Knoxville*, September Term, 1929.)

Opinion filed October 12, 1929.

C. C. ABERNATHY, for plaintiff in error.

W. F. BARRY, JR., Assistant Attorney-General, for the State.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

538

The plaintiff in error was convicted of felonious transportation of intoxicating liquor and brought his case to this court. At a former day, upon motion of the State, the bill of exceptions, containing no recital that it included all the evidence heard on the trial, was stricken from the record and the judgment below affirmed. A petition to rehear has been presented to the court.

Plaintiff in error was convicted upon the testimony of two police officers. They saw him driving up one of the streets in Chattanooga between eight and nine o'clock at night, in a Chevrolet roadster. The officers said the car was muddy and appeared to be heavily loaded. It was coming from the direction of Signal Mountain, from which locality it seems that considerable liquor is brought into the city. The officers "suspicioned" that the car contained whiskey. Acting upon their suspicion, they stopped the car, searched it, and found it contained fifty gallons of whiskey.

The policemen did not know who was driving the car. It was not being operated in violation of any law, State or municipal. The car was proceeding along a much traveled thoroughfare in line with a half dozen other cars.

As stated above, the car was halted at an early hour in the evening and there seems to have been nothing unusual about its appearance except that it was muddy, heavily loaded and was coming from the direction of Signal Mountain. Such circumstances, standing alone, were not sufficient to justify the officers in stopping and searching the car. As their testimony disclosed, they acted on suspicion rather than upon any significant facts.

From the nature of the case it is practically certain that no evidence of this unlawful transportation of liquor

could have been available below except such evidence as was obtained by the unwarranted search of the automobile—evidence that should have been excluded.

In such a case, the judgment of the trial court will not be affirmed, merely because the bill of exceptions fails to recite that it contains all the evidence.

In the case of *Massengill* v. *Shadden,* 48 Tenn. (1 Heisk.), 357, the judgment of the trial court was reversed for errors in the admission of evidence. It was urged in that case that inasmuch as the bill of exceptions failed to show that it contained all the evidence, the court should not reverse. Judge TURNEY, however, said:

"Such is the rule, but with limitations, one of which is, as in this case when the circuit judge has erred in his rulings of the law, either in the admission of testimony, or in the charge to the jury."

In *Sweat* v. *Rogers,* 53 Tenn. (4 Heisk.), 117, Judge NICHOLSON said:

"It does not appear from the bill of exceptions that it contains all the evidence in the case. We are bound, therefore, to presume that the verdict was supported by the evidence. But this will not cure errors in the admission or rejection of evidence which was material to the issue, nor errors of law in the charge of the court, which we can see might have misled them (the jury) in rendering their verdict."

To the same effect see *Kingsley* v. *Bank of the State,* 11 Tenn. (3 Yerg.), 107.

In *Eatherly* v. *State,* 118 Tenn., 371, containing a discussion of the rule invoked by the State, the rule is said to be "that a trial judge will not be put in error upon any ruling or judgment entered upon any question of fact, where the record fails to state affirmatively that it

contains all the evidence heard by the court on that question."

There was really no controversy of fact in this case, as is apparent from the record. The whole case turned on the admissibility of the evidence disclosed by the search of the car that the officers made.

For the reasons stated, the petition to rehear is granted, the former judgment of this court set aside and the judgment of the trial court reversed.