JACK MONDAY *v.* THE STATE.*

(*Nashville.* December Term, 1929.)

Opinion filed February 1, 1930.

---

*Failure to challenge jury in criminal case as waiver of objection, see 16 R. C. L., 286; R. C. L. Perm. Supp., p. 4073.

J. D. McMurrey and John Hilldrop, for plaintiff in error.

Nat Tipton, Assistant Attorney-General, for defendant in error.

Mr. Special Justice Albert Williams delivered the opinion of the Court.

This is an appeal in error from a conviction upon a presentment alleging the unlawful reception, possession, and transportation of intoxicating liquors.

There is a single assignment of error, to-wit:

"The court erred in overruling the motion of the defendant for a mistrial on the ground that the jury was incompetent to try this case, and in overruling motion for a new trial for the same reason."

Upon cross-examination of one of the State's witnesses, the Sheriff of Trousdale County, it developed that at the time of the arrest of plaintiff in error there was in force a resolution passed by the Quarterly Court of Trousdale County appropriating to the sheriff one-half the fines accruing from offenses similar to that for which the plaintiff in error was on trial.

It further appeared that the jury which was trying the plaintiff in error was the regular trial jury for the term and that such jury had been duly and regularly designated by the Quarterly Court and that the sheriff

had selected none of the jury but had merely executed the writ of *venire facias*. It further appeared that the Quarterly Court of Trousdale County had subsequently rescinded the order appropriating to the sheriff any portion of the fines accruing in such cases and that the same was not in force at the time of the trial. The sheriff also testified that he had never claimed or received any portion of the fine in any such case and that he would not in the event of a conviction in the present case be entitled to nor accept any portion of the fine.

Upon the development of these facts counsel for plaintiff in error entered a motion that a mistrial be declared, and to the action of the trial judge in overruling such motion excepted and subsequently made this action of the trial judge the basis of the motion for a new trial.

In the outset the State challenges the right of the plaintiff in error to avail himself of the issue sought to be raised, for the reason that the bill of exceptions fails to recite that it contains all the evidence in the case or even that it contains all the evidence upon the particular facts of the case sought to be reviewed in this tribunal. From the absence of this statement it is insisted that there must arise a presumption that there was heard other evidence justifying the action of the trial judge in overruling the motion that a mistrial be entered.

It is true that it has been stated as a general rule that a trial judge will not be put in error upon any ruling or judgment entered upon any question of fact, where the record fails to state affirmatively that it contains all the evidence heard by the court on that question. *Eatherly* v. *State,* 118 Tenn., 371.

In the case of *Harlow* v. *State,* 20 S. W. (2d), 1045, this court has announced that where it is apparent from the record that there is in reality no controversy of fact in

the case the failure of the bill of exceptions to recite that it contains all the evidence will not preclude plaintiff in error from having the legal significance of the undisputed facts determined in this court. In that case the undisputed facts related to the right of search; here they relate to the competency of the jurors. To review the present case, therefore, will require no extension of the rule already announced on the necessity for the technical recitation in the bill of exceptions.

There is another feature of the record, however, which does effectually bar plaintiff in error from whatever benefit might lie in the issue he seeks to raise, such feature being his apparent acquiescence both in the manner of the panel's selection and summons and the jury's personnel, for plaintiff in error when his case was called for trial did not exercise a challenge either to the array or to the polls.

In the case upon the authority of which plaintiff in error relies (*Oliphant* v. *State,* 153 Tenn., 130) the accused had seasonably challenged for cause the incompetent jurors. But here it appears that by his action in accepting the jury plaintiff in error apparently acquiesced in the situation which he sought unseasonably thereafter to question. It is an ancient and general rule that if a juror be not excepted to before sworn, exception afterwards, in ordinary cases, comes too late. *Young* v. *Stringer,* 6 Tenn. (5 Hayw.), 30. "A defendant cannot remain quiet and by his conduct accept a juror after an objection comes to his knowledge, especially when the fact is known before the jury is made up, or trial commences, and then have a new trial when verdict is found against him." *Tinkle* v. *Dunivant,* 84 Tenn. (16 Lea), 502.

██ Except for the constitutional provision that a fine in excess of fifty dollars must be fixed by a jury it would be possible for the parties to a prosecution for the misdemeanor with which the plaintiff in error was charged to waive the jury trial itself. *Lynch* v. *State,* 99 Tenn., 124; *Schick* v. *United States,* 195 U. S., 65, 24 S. Ct., 826, 49 L. Ed., 99, 1 Ann. Cas., 585. It follows, therefore, that the parties may waive lesser rights or privileges incident to this mode of trial, whether given by common law or by the statute, and where such waiver has been made the parties will be bound thereby and the action of the court founded thereon cannot be assigned as error. The parties to such a suit may waive an objection to the whole panel which would furnish ground for a challenge to the array. 35 C. J., sec. 404, p. 363; 16 R. C. L. "Jury," sec. 102, pp. 286-7; *State* v. *Cole,* 28 Tenn. (9 Humph.), 628; *McTigue* v. *State,* 63 Tenn. (4 Baxt.), 314; *Wallace* v. *State,* 70 Tenn. (2 Lea), 31.

In the case of *State* v. *Cole, supra,* this court said: "The defendant pleaded not guilty to the bill of indictment and went to trial and was convicted; after this he shall not be permitted to object to the venire or to the jurors summoned under it; if he have legal objection to the one or the other, he must avail himself of it either by motion or plea before he puts himself upon his country for deliverance by his plea of not guilty; it is afterwards too late." (Op., p. 629).

It is the general rule that irregularity in the selection and formation of the jury may be waived. *Turner* v. *State,* 89 Tenn. (5 Pick.), 557; *Vaughn* v. *State,* 88 Ga., 731, 16 S. E., 64; *State* v. *Robertson,* 71 Mo., 446; *Andrews* v. *State,* 5 Okla. Cr., 73, 113 Pac., 201; *Clark* v. *State,* 90 Tex. Cr., 613, 237 S. W., 260; *Flynn* v. *State,* 97 Wis., 44, 72 N. W., 373. In the last named case the

venire was issued in blank and the sheriff who was ·altogether lacking in such authority, filled in the blanks.

The waiver of irregularities and improprieties need not be expressed but will be held to follow a failure to interpose a known ground for challenge or objection or a failure to exercise due diligence to discover those not known. It appears to be well settled that a failure to challenge or object operates as a conclusive waiver if the ground of objection is known to the party at the time the jury is impaneled or might have been discovered by the exercise of ordinary diligence. 35 C. J., sec. 404½, p. 364.

In a case well illustrating the necessity for an affirmative showing of due diligence it was said: "To enable the court to entertain an objection to the qualifications of a juror after he has been impaneled and sworn and the trial has actually begun by the production of evidence, it at least must be proven that the party making the objection, at the proper time for tendering challenges, did not actually know and might not have known the particular circumstances upon which rests the disqualification." *Young et al.* v. *State,* 90 Md., 579, 45 Atl., 531.

In *Vaughn* v. *State,* 88 Ga., 731, 16 S. E., 64, the court thus expresses what appears to be the general rule: "Though the formality of putting the jury upon him be not expressly waived, if without informing the court he declines to waive it the prisoner acquiesces in the omission and takes part in the selection of particular jurors from the panel, raising no question touching the failure to put the panel upon him until after the full traverse jury has been selected and sworn and the evidence in behalf of the State introduced, he will be deemed to have waived the formality by his silence and conduct."

Our own cases abound with similar authority irrespective of whether the objection be made to the array or *propter defectum* of the polls. *McClure* v. *State,* 9 Tenn. (1 Yerg.), 206; *Gillespie* v. *State,* 16 Tenn. (8 Yerg.), 507; *Ward* v. *State,* 20 Tenn. (1 Humph.), 253; *Calhoun* v. *State,* 23 Tenn. (4 Humph.), 477; *Cartwright* v. *State,* 80 Tenn. (12 Lea), 620; *Draper* v. *State,* 63 Tenn. (4 Baxt.), 246; *Hamilton* v. *State,* 101 Tenn. (17 Pick.), 418; *Givens* v. *State,* 103 Tenn. (19 Pick.), 648; *Goad* v. *State,* 106 Tenn. (22 Pick.), 175; *Walker* v. *State,* 118 Tenn., 375.

It is true that numerous cases hold that where some particular disqualification of a juror was unknown to the defendant and his attorney at the time of the jury's selection objection may properly be heard even after verdict, but examination of these cases reveals that in such instances the objection allowed to be made after the impaneling of the jury touched the objectionable juror's partiality and was not merely *propter defectum.*

The reason for the rule has been thus expressed by an English court:

"It would be no less intolerable than impracticable if after every trial there could be an investigation into matters affecting the qualification of jurors which are readily ascertainable in advance. Such a procedure would place a premium upon the neglect to ascertain whether a juror is qualified; for few men would challenge a juror if by their failure to do so they could gain a chance for a new trial in case of defeat." *In re Chelsea Water Works Company,* 10 Exch., 731, 156 Reprint, 635.

In the present case it can hardly be said that if the fact now made a ground of complaint was not known to plaintiff in error or his attorney at the time the jury

was impaneled due diligence on their parts ought to be presumed. The matter complained of was a thing of record, presumably upon the minute books of the County Court, and of such a nature that it would in all likelihood be a matter of public notoriety. Moreover, there is nowhere in the record any suggestion that the defendant or his attorney was in ignorance of the resolution in question at the time he failed to challenge the jury or any member of it.

For these reasons it is not necessary here to determine the other questions raised, such as whether a cessation of interest on the part of the sheriff after arrest and before summoning the jury would remove his incompetence for such duty, or the question whether the sheriff might by disclaiming and renouncing any interest created by the resolution of the County Court have rendered himself competent to execute the writ of *venire facias*. It is enough that objection to the jury's competency was not raised seasonably.

The judgment of the trial court is affirmed.