PAUL E. TOOMBS and FRANK HOUCHIN *v.* STATE OF TENNESSEE.

(*Nashville,* December Term, 1953.)

Opinion filed July 23, 1954.

Rehearing granted September 6, 1954.

CLARENCE M. BEATY, JR., and JAMES W. RUTHERFORD, both of Nashville, for plaintiff in error.

NAT TIPTON, Assistant Attorney General, for the State.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

Ray Hill was a member of the jury which convicted Toombs and Houchin of feloniously receiving and concealing, etc. valuable personal property from one C. P. Hartman, the prosecutor. This juror is a first cousin of the prosecutor's wife. The families exchange visits. It was not until after the verdict of guilty had been returned that Toombs and Houchin and their attorneys became aware of the fact that juror Hill was a first cousin to prosecutor Hartman's wife. It was insisted by these defendants in the Court below, and on their appeal in this Court, that they are entitled to a new trial because of the aforesaid kinship. This Court, in an opinion written for it by the writer hereof, rejected that insistence, with the Chief Justice dissenting.

The rejection of the aforesaid insistence was based on the fact that in the examination of Hill on his voir dire the attorneys for Toombs and Houchin did not ask Hill

whether he is related to the prosecutor or the defendants. This conclusion by the majority was reached upon the authority of *Cartwright* v. *State,* 80 Tenn. 620, *Hamilton* v. *State,* 101 Tenn. 417, 47 S. W. 695, and *Manning* v. *State,* 155 Tenn. 266, 292 S. W. 451. Those cases hold that kinship alone within the prohibited degree, Code Section 10007, is a disqualification propter defectum; that, therefore, after the jury is sworn a new trial will not be granted merely because of such kinship when in the examination of the juror on his voir dire the defendants had not asked him whether he is related to any of the parties to the litigation. This majority opinion pointed out that it was held in *Monday* v. *State,* 160 Tenn. 258, 265, 23 S. W. (2d) 656, that to grant a new trial under such circumstances is against sound public policy.

The case at bar differs from the decisions above mentioned in that in the instant case the attorneys for defendants Toombs and Houchin, in their voir dire examination of the jurors, did inquire of each as to whether he knew of any reason why he should not give all sides a fair trial. The majority opinion in rejecting the insistence heretofore stated took occasion, however, to observe that ''as a matter of just ordinarily decent fair dealing'' this juror should have made known this close relationship, and so should have the prosecutor.

 Toombs and Houchin have filed a petition to rehear wherein they insist that the failure of juror Hill to make known this close kinship, after the question had been put to him, takes this case out of a disqualification propter defectum and places it in a disqualification propter affectum. If Hill's disqualification was one propter affectum, then these men should have been granted a new trial. This is because our Constitution guarantees every defendant a trial by a jury free of a disqualification

propter affectum; that is, a disqualification on account of some bias or partiality toward one side or the other of the litigation. *Durham* v. *State,* 182 Tenn. 577, 588, 188 S. W. (2d) 555, 160 A. L. R. 746.

First cousins are generally regarded as being very close kin. To use a usual expression, they are, if of opposite sex, said generally to be ''kissing kin''. Now juror Hill necessarily knew that his close kinship with the prosecutor's wife was a fact that should be revealed to these defendants, particularly after there had been addressed to him the question as to whether he knew of any reason which might prevent him from giving both sides a fair trial. His failure under these circumstances to reveal this kinship almost forces the conclusion that he was animated by an ulterior motive in remaining silent, and that this ulterior motive stemmed from a partiality in favor of the prosecution and, by the same token, a bias against these defendants.

On principle, therefore, it seems that this Court erred when it declined to sustain the assignment of error directed to this point, and that the Chief Justice was correct in dissenting from the majority view.

While we find no Tennessee decision in point on the exact facts of this case, we do find, after a renewed and more extensive search of the authorities following the petition to rehear, that the conclusion which we have just held to be sound on principle is likewise supported by persuasive precedent.

This precedent demonstrates the fact that in the light of the question as to whether the juror knew of any reason why he could not give all parties a fair trial, we made too strict and too literal an application of the rule that a new trial will not be granted because of the juror's kinship to one of the parties when he was not asked that

question on his voir dire examination. In the text of 39 American Jurisprudence, section 44, page 65, it is stated, with citation to a supporting decision, that

"* * * it seems that it is not incumbent upon the parties to cover minutely all phases of the particular subject by a long series of specific questions, but is sufficient to ask such questions as indicate to the mind of a fair and reasonable man what information the examining counsel seeks to elicit."

When attorneys for Toombs and Houchin inquired as to whether this juror knew of any reason why he could not give these defendants a fair trial, that inquiry clearly indicated to the mind of a fair and reasonable man that the question required revelation of the fact that the prospective juror was very close kin to the prosecutor's wife. His failure in this respect justifies the conclusion that he had a purpose unfavorable to Toombs and Houchin in withholding that information.

■ There is stated in the text of 23 C.J.S., Criminal Law, Section 1446, p. 1170, with citation to a supporting decision, the rule exactly applicable to the facts of this case. It is this:

"The incompetency of a juror is ground for a new trial when discovered after verdict, where he denied or concealed the ground of his incompetency on his voir dire, as, for example, where he declared that he knew of no reason why he should not serve, when in fact he was incompetent on grounds necessarily within his knowledge, provided, at least, that accused was misled or prejudiced by such denial or cocealment."

■ The very close kinship of juror Hill to the prosecutor's wife, together with the friendly relations and associations existing between the two families, and the fact that juror Hill did not reveal this close kinship even

after he had been asked whether he knew of any reason which might prevent him from giving both sides a fair trial establishes it as a fact that the disqualification of Hill to serve as a juror in this case was a disqualification propter affectum rather than propter defectum. And, while it is a fact that it would have been much better practice for the defendants to have specifically asked the juror as to any kinship with the parties, nevertheless, in view of the question which the defendants did put to the prospective juror, we are not able to conclude that the defendants were guilty of such negligence as to deprive them of their right to a new trial in a case in which there sat in judgment on them a juror who withheld from them the fact that he was a first cousin and close friend to the wife of the man who was seeking their conviction at the hands of this jury. We erred in holding to the contrary in the opinion heretofore announced.

In view of the conclusion reached, we pretermit any consideration of the insistence that the evidence was insufficient to establish venue as to defendant Toombs.

The petition to rehear is granted, the judgment reversed, a new trial given, and the cause remanded.