WESLEY DOBBINS, CHARLES W. DAY and LOWE C. WARD,

*v.*

STATE OF TENNESSEE.

(*Nashville*, December Term, 1959.)

Opinion filed February 5, 1960.

JOSEPH L. LACKEY, HENRY DENMARK BELL, Nashville, for plaintiffs in error.

THOMAS E. FOX, Assistant Attorney General, for defendant in error.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The defendants below, Wesley Dobbins, Charles W. Day, and Lowe C. Ward, were convicted for transporting more than three gallons of unstamped whisky and

sentenced to serve a period of two years in State Prison. The defendants Dobbins and Day were also convicted for the improper use of an automobile license and fined $10 each.

It is contended by the defendants that the search in question was illegal and therefore violated their constitutional rights.

It appears from the evidence that Mr. Walker, an Investigator for the State Alcohol Tax Division, Department of Finance and Taxation, sat in a State car on a road near its intersection with Highway No. 100 on the night of September 20, 1958, waiting for an automobile loaded with whisky to drive from Hickman County. About 2:00 a.m. the defendants came from the direction of Hickman County in Charles W. Day's car. Lowe C. Ward was driving and Dobbins was on the back seat apparently drunk.

The automobile belonged to Day but the automobile license was in Wesley Dobbins' name. The officer had never seen any of these defendants before nor had any information that the car was loaded with whisky.

As the car passed the officer noticed that the back end was sagging and that it was speeding. These two facts along with the fact that it was late in the night and the car was coming from the direction of Hickman County, caused the officer to suspect that the trunk of the car was loaded with whisky. The officer followed the car and immediately opened his siren and began to chase the car. The driver of the automobile containing the whisky tried to outrun the officer's car but was stopped and the car was searched, and it contained fifty gallons of moonshine whisky.

It appears that when the officer stopped the defendants' car he got out of his car and went up to the rear of the defendants' car and as he approached detected the odor of moonshine whisky. He thereupon searched the trunk of the car and found ten five-gallon cans of corn whisky.

■ Defendants contend that under our holding in *Harlow v. State,* 159 Tenn. 537, 20 S.W.2d 1045, that this evidence was not sufficient for the officer to search without a warrant. However, we think that all of these circumstances are sufficient to justify the officer's thinking that there was probable cause to believe that the defendants were transporting moonshine whisky as was found in the cases of *Farmer v. State,* 148 Tenn. 216, 254 S.W. 552; *Erby v. State,* 181 Tenn. 647, 184 S.W.2d 14.

■ Dobbins and Ward are not in position to rely upon their objection to the evidence on the ground that it was obtained by an illegal search because they were not the owners of the automobile nor were they in possession of it. *Allen v. State,* 161 Tenn. 71, 29 S.W.2d 247.

None of the defendants testified but Day admitted before the trial that the car was his and the license for it belonged to Dobbins.

We think that under all of the circumstances, that is the excessive speed of the car, and the fact that it was sagging in the rear and the further fact that the officer smelled the odor of whisky near the rear of the car, and the fact that the defendants' car speeded up when approached by the officer's car were such circumstances that justified the officer to stop defendants car and make the search in question.

■ Suspicion of officers that persons are transporting whisky feloniously, because automobile appears to be ''loaded'' and is coming from the direction of a locality from which whisky is known to be transported, does not justify officers in stopping the automobile on the highway and searching for whisky. *Harlow v. State,* 159 Tenn. 537, 20 S.W.2d 1045. We think this is sound but here we have more. In the instant case excessive speed, the sagging of the rear end of the car and later the odor of the whisky near the trunk, we think, takes it out of the rule as announced in *Harlow v. State,* supra.

We are further of the opinion that *Elliott v. State,* 173 Tenn. 203, 116 S.W.2d 1009, is not in point for the reason in that case there was no causal connection between stopping the car and requesting an exhibition of a driver's license and taking the key from the ignition and unlocking the trunk and then discovering the whisky. There was no causal connection between the demand to see the driver's license and the officer going to the rear of the car and unlocking the trunk to discover the evidence.

In line with the rule in *Harlow v. State,* supra, is *Robertson v. State,* 184 Tenn. 277, 198 S.W.2d 633. Nor do we think *Cox v. State,* 181 Tenn. 344, 181 S.W.2d 338, 154 A.L.R. 809, is in point because there is no question of subterfuge in the case before us.

We think that the search, under the above recited facts and circumstances, justified the officer in searching without a warrant. Affirmed.