**Iona F. PARTIN and husband William B. Partin, Plaintiffs-Appellees,**

v.

**Billy H. HENDERSON, Defendant-Appellant.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

Dec. 28, 1984.

Application for Permission to Appeal Denied by Supreme Court March 4, 1985.

L. Thomas Austin, Dunlap, for plaintiffs-appellees.

Michael R. Campbell, Campbell & Campbell, Chattanooga, for defendant-appellant.

## OPINION

LEWIS, Judge.

This is an appeal by defendant, Billy H. Henderson, from a jury verdict awarding plaintiff, Iona F. Partin, the sum of $2,000 for personal injuries and her husband, plaintiff William B. Partin, the sum of $1,500 for damage to his 1976 Plymouth automobile and $1,500 for "loss of consortium" and medical expense incurred by Mrs. Partin.

This case arose out of an automobile accident which occurred when the pickup truck driven by defendant ran into the rear of the 1976 Plymouth automobile driven by Mrs. Partin.

Defendant had come to the Partin home to visit Mr. Partin. Mrs. Partin informed defendant that Mr. Partin was working away from home but that she was going to his place of employment. According to Mrs. Partin's testimony, defendant decided to follow her to the destination. After several miles she turned off the main road, stopped, and waited for defendant to catch up with her. When defendant came around a curve, he lost control of his pickup truck and struck her in the rear. Defendant disputed Mrs. Partin's version, testifying that he didn't realize Mrs. Partin had stopped "because there was no sign of her stopping or slowing down, no brake lights, nothing, and I just kept going because I didn't realize ... she had stopped."

Defendant, by his first issue, contends he "was denied the right to a fair trial by an impartial jury, free of disqualification propter affectum, by reason of the presence on the jury, unknown to defendant's counsel, of the second cousin of plaintiff's counsel...."

Disqualifications of jurors fall into two basic categories: (1) propter defectum, and (2) propter affectum.

Objections based on general disqualifications, such as age, residence, relationship, feeble mindedness, and the like are of the propter defectum class, to which the rule applies that the challenge shall be made before verdict." *Durham v. State*, 182 Tenn. 577, 581, 188 S.W.2d 555, 557 (1945).

Disqualifications propter affectum are disqualifications on account of some bias or partiality toward one side or the other of the litigation, *Toombs v. State*, 197 Tenn. 229, 234, 270 S.W.2d 649, 651 (1954), and objections of the propter affectum class may be made even after the jury has returned its verdict. *Durham*, 182 Tenn., at 582, 188 S.W.2d at 557.

In this case juror Anna Mae Hartman and plaintiff's counsel, Thomas Austin, are second cousins. Defendant had no knowledge of this fact until after the jury had returned its verdict. While it might be assumed that Ms. Hartman and Mr. Austin were aware of their kinship prior to trial, it would be an assumption without a factual basis since there is nothing in the record to show that they were aware that they were second cousins.

Defendant relies on Tenn.Code Ann. § 22–1–105 which provides that "[n]o per-

son can act as a juror in any case in which he is interested, or when either of the parties is connected with him by affinity or consanguinity, within the sixth degree, computing by the civil law, except by consent of all the parties." We are of the opinion that § 22–1–105 does not apply here. While Ms. Hartman and Mr. Austin are related within the sixth degree, Mr. Austin was counsel for plaintiff and was not a party. We have found no Tennessee case that has addressed this precise question, but "it is well settled that at common law a juror is not disqualified by the fact that he is related to one of the counsel in the case." 47 Am.Jur.2d *Jury* § 314.

Defendant also relies on *Toombs v. State* and *Montesi v. Montesi*, 529 S.W.2d 720 (Tenn.App.1973). These cases afford him no support.

■ In *Toombs*, a criminal case, the juror was a first cousin of the prosecutor's wife. A prosecutor in a criminal case is a party. The juror was necessarily related to the party by affinity as proscribed by Tenn. Code Ann. § 22–1–105. In *Toombs*, the juror was asked questions which the court concluded mandated his informing the court of his kinship, and the fact that he did not do so, "justifies the conclusion that he had a purpose unfavorable to [the defendants] in withholding that information." *Toombs*, 197 Tenn., at 233, 270 S.W.2d at 651.

■ The statute does not proscribe a person sitting as a juror who is related to counsel for one of the parties.

Our review of the record shows a distinct absence of any attempt on the part of Ms. Hartman to purposefully withhold the fact that she was related to plaintiff's counsel. So far as we are able to discern from this record, she answered truthfully each question asked her by defendant's counsel.

In *Montesi*, a divorce case, a jury was demanded, and one of the jurors selected in the divorce case had also sat on the jury which convicted the plaintiff in the murder of his first wife. This juror was asked if he knew any of the parties or their attorneys, and he remained silent. "The juror ... was asked specifically if he had heard anything in the news media that would cause him to be prejudiced toward Mr. Montesi to which he replied in the negative." *Id.* at 723.

In both *Montesi* and *Toombs* the jurors purposefully withheld information, and from the manner in which the information was withheld, it could be presumed that the jurors were biased against one or the other of the parties.

There is nothing in this record to show in any way bias or partiality on the part of Ms. Hartman. Under the facts here, we find nothing from which bias against the plaintiffs or partiality to the defendant may be presumed.

This issue is without merit.

Defendant's second issue is

[t]he Court erred in failing to hold as a matter of law and peremptorily instruct the jury that plaintiff had violated T.C.A. § 55–9–402 by failing to have red brake and/or stop lights and turn signals on the rear of her vehicle, which violation was negligence as a matter of law, and instead left this determination for the jury.

Tenn.Code Ann. § 55–9–402 provides in pertinent part as follows:

(b)(1) Every motor vehicle shall be equipped with two (2) red tail lamps and two (2) red stoplights on the rear of such vehicle, and one (1) tail lamp and one (1) stoplight shall be on each side....

(c) Each lamp and stoplight required in this section shall be in good condition and operational.

The defendant testified that plaintiff's vehicle was not equipped with red tail lamps and/or red stoplights, and the plaintiff, Mrs. Partin, admitted that the vehicle was not equipped with red tail lamps and/or red stoplights on the rear. All the proof is that the plaintiff was operating the Plymouth automobile in violation of Tenn. Code Ann. § 55–9–402.

The defendant requested the Trial Court to charge the jury as follows:

I charge you that plaintiff violated T.C.A. § 55–9–402 by failing to have red brake or stop lights on the rear of her vehicle, and such violation is negligence per se. If this violation proximately caused or contributed to this accident, then plaintiff may not recover.

■ "It is a well settled proposition of law that failure to perform a statutory duty is negligence per se." *Traylor v. Coburn,* 597 S.W.2d 319, 322 (Tenn.App. 1980). It is also settled that proximate cause and contributory negligence are generally for the jury's determination. *Senters v. Tull,* 640 S.W.2d 579, 582 (Tenn. App.1982).

■ The Trial Judge refused the defendant's requested charge and instead charged the provisions of Tenn.Code Ann. § 55–9–402 and left it to the jury to determine whether or not plaintiff had violated the statute. It is error for the trial judge to submit issues to the jury when there is no proof to support those issues. *Colonial Baking Co. v. Acquino,* 20 Tenn.App. 695, 700, 103 S.W.2d 613, 617 (1936). Here, the Trial Judge erred in submitting to the jury the question of whether there was a violation of Tenn.Code Ann. § 55–9–402.

■ Tennessee Rule of Appellate Procedure 36(b) provides: "A final judgment from which relief is available and otherwise appropriate shall not be set aside unless, considering the whole record, error involving a substantial right more probably than not affected the judgment or would result in prejudice to the judicial process." Considering the whole record, we are of the opinion that the Trial Judge's error did not affect the judgment. The jury was charged the provisions of Tenn.Code Ann. § 55–9–402. It was charged that if it found that the plaintiff had violated the provisions of Tenn.Code Ann. § 55–9–402 and that this violation was the proximate contributory cause of the accident, then the plaintiff could not recover. In the absence of a showing that the jury failed or refused to follow the instructions of the trial judge, we must assume that it did follow instruc-

tions. The error of the Trial Judge, taking the record as a whole, was harmless.

Defendant's second issue is without merit.

Defendant's third issue is "[t]he Court erred by failing to act as thirteenth juror and to weigh the evidence upon defendant's Motion for New Trial wherein defendant requested the Court to set the verdict aside and grant a new trial on this ground."

Defendant bases this issue upon the following comment made by the Trial Judge in overruling the motion for a new trial. "But let me state this, I think it was a jury case, otherwise I would have directed a verdict on the evidence, and I'd definitely overrule the first two grounds as to the weight of the evidence."

Defendant attempts to bootstrap the above language into a conclusion that the Trial Judge refused to act as the thirteenth juror. Defendant reasons that the Trial Judge was saying that since there was enough evidence for the case to go to the jury in the first place, he "would not disturb the jury's verdict as the thirteenth juror." Defendant then states: "If this was his reasoning, it was erroneous." We are unable to conclude from the foregoing language that the Trial Judge abdicated his responsibility as the thirteenth juror. He simply stated that the case presented a jury question and that he was of the opinion that there was sufficient evidence to support the verdict, and he, therefore, "definitely overrule[d]" the motion "as to the weight of the evidence."

■ This Court, in *Nelson v. Richardson,* 626 S.W.2d 702 (Tenn.App.1981), stated as follows:

[In ruling on a motion for a new trial], "it is the duty of the trial judge to weigh the evidence and determine whether it preponderates against the verdict, and if so, to grant a new trial." If the trial judge makes statements showing that he was not satisfied with the verdict, if the trial judge does not appear to have weighed and considered all of the evidence, if it is impossible to tell whether

he has approved the verdict, or if he has disassociated himself from the verdict and has instead merely deferred to the jury, then in any of these instances, it is the duty of the appellate court to grant a new trial.

*Id.* at 704 (citations omitted). We find nothing in the Trial Judge's statements to show that he was not satisfied with the verdict or that he failed to weigh and consider all the evidence. We are of the opinion that he approved the verdict and did not "merely defer to the jury." We are sàtisfied from the record as a whole that the Trial Judge properly performed his duties as thirteenth juror. This issue is without merit.

The judgment of the Trial Court is affirmed with costs assessed against defendant and the cause remanded to the Trial Court for collection of costs and any further necessary proceedings.

TODD, P.J., and CANTRELL, J., concur.