IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

DECEMBER 1999 SESSION

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | C.C.A. # W1999-00027-CCA-R3-CD (formerly 02C01-9902-CC-00051) |
| Appellee, | * | |
| | | HENRY COUNTY |
| VS. | * | |
| | | Honorable C. Creed McGinley, Judge |
| ROBERT EMMET DUNLAP, JR., | * | |
| | | (Three Counts of Sale of Cocaine) |
| Appellant. | * | |

For Appellant:

Matthew M. Maddox
Maddox, Maddox & Maddox
19695 East Main Street
P.O. Box 430
Huntingdon, TN 38344

For Appellee:

Michael E. Moore
Solicitor General

Patricia C. Kussmann
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

Robert "Gus" Radford
District Attorney General

Steven L. Garrett
Assistant District Attorney General
24th Judicial District
P.O. Box 686
Huntingdon, TN 38344

FILED

February 2, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

OPINION FILED:_____

AFFIRMED

GARY R. WADE, PRESIDING JUDGE

<u>OPINION</u>

The defendant, Robert Emmet Dunlap, Jr., was convicted on three counts of the sale of cocaine, a Schedule II controlled substance. <u>See</u> Tenn. Code Ann. § 39-17-417(a)(3). Fines totaled $225,000.00. The trial court imposed sentences of ten years on each count to be served concurrently with each other but consecutively to a prior sentence for a conviction in Montgomery County.

The defendant appealed on several grounds, one of which was whether the trial court erred by denying a motion to subpoena jurors in an effort to determine whether they had relied upon extrajudicial information in reaching their verdict. In an opinion filed September 21, 1998, this court affirmed in part but remanded the cause to the trial court to consider the following questions:

> (1) Did the jury receive information from a juror about the appellant's past criminal history?
>
> (2) Did the information influence a juror's verdict? If the answer to both of these questions is in the affirmative, then the trial judge should order a new trial.

After conducting an evidentiary hearing wherein three of the jurors testified, the trial court concluded that "the verdict of the jury was based upon nothing other than the evidence introduced during the course of the trial" .. and "to the extent that post-verdict information was disseminated amongst them after their discharge from jury service, this information could not, and did not, influence the jury verdict." The trial court refused a request by the defendant to subpoena additional jurors. Thereafter, the defendant appealed, claiming that the trial court had erroneously refused to hear any additional witnesses who might testify that a juror may have introduced extraneous evidence during deliberations.

We find no error and affirm the judgment of the trial court.

The initial remand for further proceedings was based upon an affidavit by Jennifer McMackin, a secretary in the office of defense counsel, who filed an affidavit asserting that juror Mary Lou Riley received information during deliberations that the defendant had a prior drug case for which he was not punished. Ms.

McMackin also swore that juror Jeffery Allen remembered a discussion about the defendant's prior drug case. Neither juror Riley nor juror Allen submitted affidavits. Juror Riley explained that she could not recall whether the prior drug case was mentioned during or after deliberations on the verdict.

Jurors James Hugh Morris, Mary Lou Riley, and Jeffery Allen testified at the hearing. Juror Morris, examined by the trial court, stated that the verdict was based upon evidence presented in the courtroom and nothing else. When asked whether the jury had received "extraneous information concerning any past dealings of the defendant or any prior criminal record," juror Morris responded in the negative. On cross-examination by defense counsel, juror Morris denied having made a statement that the defendant had been previously arrested and prosecuted for another crime. He also denied knowing whether or not the defendant had ever been arrested on a different charge. Juror Riley testified that the verdict was based entirely upon the evidence presented at the trial.

On cross-examination by defense counsel, she testified that what she had told Jennifer McMackin was that, after the verdict had been rendered, one of the jurors, who she was able to generally describe, remarked that the defendant had "been up before for trial and got off."

Juror Allen also testified that the jury considered nothing other than the evidence presented at trial. On cross-examination, he recalled having a conversation with Ms. McMackin to the effect that he had learned about a prior charge against the defendant. Juror Allen also remembered that he had received the information from a "stocky gray-headed gentleman" on the jury after they had agreed upon a guilty verdict. Juror Allen asserted that the information had no influence on the verdict.

At the conclusion of the hearing, the defense asked that Richard McClain, "possibly the gentleman in question," be summoned to testify. While

3

conceding that the jury did not have any extraneous information before the verdict had been reached, defense counsel sought to clarify whether the juror in question was asked about any prior knowledge of the defendant during voir dire and had failed to be forthcoming on the subject. Defense counsel argued that the issue had changed from whether the jury had received extrajudicial information to whether a particular juror had detrimental information about the defendant that he chose not to reveal on voir dire. The trial court declined to hear further testimony based upon his conclusion that the jury did not receive information about the defendant's prior criminal history prior to reading its verdict and was not influenced by extraneous information.

In this appeal, the defendant argues that the trial court should have required juror Richard McClain to appear and testify. He argues that the juror in question may have given false information during voir dire.

Tenn. R. Evid. 606(b) allows for a limited inquiry into the validity of the verdict. It provides "that a juror may testify on the question of whether extraneous, prejudicial information was improperly brought to the jury's attention" or "whether any outside influence was improperly brought to bear upon any juror...." As indicated in our prior opinion, the term "extraneous information," may include a juror's personal knowledge of the defendant's prior criminal record or arrest. See Neil P. Cohen, et al, Tennessee Law of Evidence, § 606.2 at 333 (3rd ed. 1995). The information is deemed prejudicial if it had an influence on the verdict of the jury. See Patton v. Rose, 892 S.W.2d 410 (Tenn. Ct. App. 1994).

The burden is on the defendant to establish jury misconduct. State v. Blackwell, 664 S.W.2d 686 (Tenn. 1984). While the defendant is entitled to a verdict untainted by extraneous, prejudicial information, there is also the importance of maintaining inviolate the nature of jury deliberations. Maldonado v. Missouri Pac. Ry., 798 F.2d 764, 770 (5th Cir. 1986). Jurors must render their verdict based on the evidence introduced at trial. Citizens' St. Ry. v. Burke, 98 Tenn. 650, 40 S.W.

4

1085 (1897).  The trial court has the discretion to determine whether a jury has acted impartially.  State v. Sammons, 656 S.W.2d 862, 869 (Tenn. Crim. App. 1982).  Findings of fact made by the trial court as to jury impartiality may be overturned only for "manifest error."  State v. Cazes, 875 S.W.2d 253, 262 (Tenn. 1994), citing Patton v. Yount, 467 U.S. 1025, 1031 (1984).

Here, the state concedes that the testimony of the three jurors establishes that one of the jurors knew before engaging in deliberations that the defendant had been prosecuted on a prior drug offense.  It maintains, however, that the record supports the trial court's conclusion that other jurors did not learn of that prior history until after the completion of deliberations.

In our view, the real claim made by the defendant is that one of the jurors should have been disqualified.  Juror disqualifications are based upon either (1) propter defectum or (2) propter affectum.  Partin v. Henderson, 686 S.W.2d 587 (Tenn. App. 1984).  Objections based on general disqualifications, such as familial relationship, are within the propter defectum class and as such, must be challenged before a verdict.  Id. at 589.  In contrast, disqualification based on propter affectum exists due to some bias or partiality toward one party in the litigation.  Id.; Toombs v. State, 270 S.W.2d 649, 651 (Tenn. 1954).  Propter affectum objections may be made after the return of the jury verdict.  Id.; Durham v. State, 188 S.W.2d 555, 557 (Tenn. 1945).  Because the defendant claims bias or partiality in favor of the state, this is a case of propter affectum.  State v. Furlough, 797 S.W.2d 631, 652 (Tenn. Crim. App. 1990).

In Warden v. State, 381 S.W.2d 247 (1964), our supreme court ruled that a prospective juror who had observed the defendant being prosecuted on a similar charge in a earlier trial could not be disqualified for that reason alone:

> Since the record ... does not show that any of the members of the jury ... had formed or expressed any opinion as to the guilt or innocence of the defendants of the offense being tried, or of any offense on the part of either of them, the mere fact that they had heard testimony given in the trial of these defendants on

5

another offense would not of itself disqualify the jurors. Id. at 249.

The trial court has satisfactorily answered the questions presented on our earlier remand of the case. That is, other jurors did not receive information about the defendant's prior criminal history prior to reaching its verdict. Because it was not communicated to the other jurors, there could have been no prejudicial effect as to the jury at large. Moreover, the burden is upon the defendant to establish a basis for juror disqualification. Here, the defendant had an opportunity in the hearing on the motion for new trial and the hearing on the remand to establish any knowledge that juror McClain had which would have been the basis for disqualification. He has been unable to do so. This record does not include the voir dire of the jury. The defendant does not argue in this appeal that the juror intentionally withheld information. Most importantly, the record does not establish that a particular juror was prejudiced against the defendant. Our review suggests that the verdict was not influenced by any knowledge by a juror of a prior crime but instead substantial proof of guilt as deemed sufficient by the prior opinion of this court.

Accordingly, the judgment is affirmed.

_____
Gary R. Wade, Presiding Judge

CONCUR:

_____
Norma McGee Ogle, Judge

_____
John Everett Williams, Judge