JIM BRAGG *v.* THE STATE.*

## (*Nashville.*   December Term, 1926.)

Opinion filed January 29, 1927.

1. CONSTITUTIONAL LAW.   Search warrant.   Execution, and return.   Evidence.

The reasonableness of the search made depends upon the authority possessed by the officer at the time of making the search.   An omission subsequently made by an officer in the method of its return, cannot affect the right of officer to make the search, nor affect the competency of the evidence disclosed thereby.   (Post, p. 22.)

2. SAME.   Same.   Venue need not be stated.

The omission of the name of the city, county or State in body of the warrant does not render it uncertain.   (Post, p. 23.)

Citing: Armstrong v. State, 150 Tenn., 416.

3. SAME.   Same.   Affidavit.   Truthfulness.

The truth or falsity of the statements made in the affidavit cannot affect the validity of the warrant.   (Post, p. 24.)

---

*As to necessity for specific description of place to be searched for intoxicating liquor, see annotation in 3 A. L. R., 1519; 13 A. L. R., 1318; 27 A. L. R., 751; 39 A. L. R., 841; 24 R. C. L., 712-714; 3 R. C. L. Supp., 1383; 4 R. C. L. Supp., 1453; 5 R. C. L. Supp., 1296; 6 R. C. L. Supp., 1435.

---

*Headnotes 1.   Intoxicating Liquors, 33 C. J., sections 503, 505; 2. Criminal Law, 16 C. J., section 1110; 3. Intoxicating Liquors, 33 C. J., section 381; 4 Criminal Law, 16 C. J., section 1110 (Anno); Intoxicating Liquors, 33 C. J., section 371 (Anno).

---

FROM SHELBY.

---

Appeal from the Criminal Court of Shelby County.—
Hon. J. Ed. Richards, Judge.

H. T. Holman, for plaintiff.

The Attorney-General, for defendant.

Mr. Justice Swiggart· delivered the opinion of the
Court.

This is an appeal by the plaintiff in error, Jim Bragg,
from a judgment rendered by the criminal court of Shel-
by County upon a conviction for unlawfully receiving,
possessing and transporting intoxicating liquor.

Acting under the authority of a search warrant police-
men of the city of Memphis searched the premises occu-
pied by the plaintiff in error as a dwelling and found
therein a quantity of whisky. The evidence is that half
pint bottles of whisky were found in a kitchen cabinet
in the kitchen of the house, and that a glass jug, contain-
ing about one-half gallon of whisky, was found under the
cabinet. Several empty bottles and several empty five
gallon cans were found in an outhouse in the rear of the
premises. It does not appear from the record whether
these empty cans bore any evidence of having previously
contained liquor.

The plaintiff in error was present in his home when
the search was made and was placed under arrest. It
does not appear whether he made any statement at the
time of his arrest in explanation of the presence of the
whisky.

The evidence offered by the plaintiff in error is that
the middle room of the dwelling was occupied by Henry
Sims, a roomer; that Sims had been seen to leave the

premises by a neighbor in a surreptitious manner shortly before the arrival of the officers; that the plaintiff in error had been away from home on the day and night before, having gone to a point in Mississippi, where he purchased a truck load of watermelons. The plaintiff in error denied any knowledge of the presence of the whisky in his house, and argues by inference that the whisky must have been brought there by Sims, who alone was responsible for it.

The whisky was not found in the room occupied by Sims. It is true that the wife of the plaintiff in error stated that Sims sometimes used the kitchen for the purpose of cooking a meal, but the bottles of whisky were stored in the kitchen cabinet, and a jug was under the cabinet, indicating that this was the place where the whisky was kept. If Sims knew of the impending visit of the officers and took his departure on that account, it is not likely that he would have left the whisky, if it were his property, in a place where it would be so easily discovered. Furthermore, the wife of the plaintiff in error testified that she was away from the house on the day of the search only about one-half an hour, and her statement that she did not know of the presence of the whisky in her kitchen does not appear reasonable.

The finding of the whisky in the home of the plaintiff in error made a *prima-facie* case of guilt, as found by the jury, and the reasonableness of the explanation offered to establish his innocence made an issue primarily for the jury and trial judge. The explanation having been rejected in the lower court, we do not find that the evidence preponderates against the verdict. The issue depended entirely upon the credibility of the plaintiff in error and his wife.

Objection was made to the evidence offered by the State on the ground that the search warrant was void. The grounds on which this claim was made were that the premises to be searched were not sufficiently identified and described, and that the warrant was not returned before the officer who issued it, as required by the statute.

By this objection the plaintiff in error is invoking his constitutional right to be free from an unreasonable search. The reasonableness of the search made depended upon the authority possessed by the officer at the time of making the search. Any omission subsequently made by the officer in the method of returning the search warrant could not affect the right of the officer to make the search, nor could it affect the competency of the evidence disclosed by the search.

We think the description of the premises to be searched was sufficient. The officer was directed to search "a frame dwelling house located on the south side of Washington between Cleveland and Watkins numbered 1379 Washington Ave." The premises searched answered this description. The omission of the name of the city, county or state in the body of the warrant did not render it uncertain. *Armstrong* v. *State,* 150 Tenn., 416.

The remaining assignment of error is that the trial court erred in declining to require the police officer to state on the witness stand the name of the person from whom he received the information on which he made the affidavit for the search warrant.

The sufficiency of the information on which a search warrant is issued must be tested by the averments of the affidavit upon which the officer issuing the warrant acted. The truth or falsity of the statements made in the affida-

vit cannot affect the validity of the warrant. We are wholly unable to find that the name or identity of the officer's informant was material to any issue made by the evidence in this case, and there is no error in the ruling complained of.

The judgment of the criminal court will accordingly be affirmed.