HICKMAN ALLEN, TED HAYNIE, LEONARD THOMAS AND
BENTON THOMAS *v.* THE STATE.

(*Nashville,* December Term, 1929.)

Opinion filed June 28, 1930.

72

BAILEY C. BUTLER, for plaintiff in error.

NAT TIPTON, Assistant Attorney-General, for defendant in error.

MR. JUSTICE COOK delivered the opinion of the Court.

Plaintiffs in error were convicted of manufacturing whiskey, fined $250 each, and each imprisoned for six months. It is urged that the conviction should be reversed (1) because the evidence obtained through an unlawful invasion of the premises and by an unlawful search and seizure was erroneously admitted over the objection of plaintiffs in error, and (2) for error of the trial judge in refusing to submit to the jury the determination of whether or not the facts disclosed an unlawful invasion of premises occupied by the accused parties.

█ Evidence illegally obtained by the State through unlawful search and seizure is excluded upon objection duly made. *Hughes* v. *State,* 145 Tenn., 544. The reason for the rule thus applied is given in the case of *State* v. *Bass,* 153 Tenn., 170.

Whether or not the evidence was unlawfully obtained and for that reason inadmissible, is to be determined by the trial judge, not by the jury. *Tenpenny* v. *State,* 151 Tenn., 669. Assignments of error for the refusal of the trial judge to submit this judicial function to the jury are without merit.

█ Relying upon *Welch* v. *State,* 154 Tenn., 60, plaintiffs in error insist that the trial judge erroneously admitted evidence obtained by the officer, through an unlawful invasion of their premises.

The still which the defendants were operating when arrested was located by the officers at the end of a sled trail that led them a half mile up a hollow. It was on inclosed pasture land, on premises owned and occupied as a home by Mrs. Haynie, the widow of Willis Haynie, deceased. Ted Haynie was her son and Hickman Allen her son-in-law, and both lived in the house with Mrs. Haynie, but there is no evidence that they or their co-defendants were either in actual or constructive possession of the inclosed pastures where they were found engaged in manufacturing whiskey.

The constructive possession was in the owner, Mrs. Haynie, and there being no evidence to the contrary it must be assumed that she also had actual possession. The pasture did not adjoin the dwelling, hence was not of the curtilage.

The constitutional provision forbidding the government and its officers to invade private property inures to the protection of the person in possession. It is for the protection of the home and the security of the citizen in and about the home which, as said in *Welch* v. *State, supra,* includes his inclosed lands. It does not extend to third persons. *Findley* v. *State* (Okla.), 234 Pac., 227; Cornelius on Search and Seizure, p. 64.

Ted Haynie and Hickman Allen could only claim this constitutional protection upon invasion of the house and the immediate premises occupied by them either under contract or license from their mother. They could not invoke the rule and extend it to an inclosed field remote from the house in which they resided, under the circumstances shown in this record.

Affirmed.