TEMPLETON *v.* STATE.

(*Nashville,* December Term, 1953.)

Opinion filed February 11, 1954.

ROBERT F. BRINKLEY, of Gallatin, for plaintiff in error.

NAT TIPTON, Assistant Attorney General, for the State.

MR. SPECIAL JUSTICE WELDON B. WHITE delivered the opinion of the Court.

The plaintiff in error was indicted, tried and convicted for the unlawful possession of intoxicating liquor, and his punishment was fixed at a fine of $250 and confinement in the County Jail for a period of ninety days. The motion for a new trial was seasonably made and overruled, and this case is before the Court on appeal.

J. B. Bracey, Sheriff of Sumner County, Tennessee and his deputy, Wilburn Harrison, were driving down one of the streets of the City of Gallatin, when they noticed that the plaintiff in error got out of an automobile with a couple of paper packages and ran and put them down by the side of a house belonging to one Tom Bowles, who bore the reputation of a bootlegger, that is, one engaged in the unlawful possession and sale of intoxicating liquor.

Deputy Harrison picked up the packages and found that they contained sixteen half-pints of bonded whiskey. The plaintiff in error had gone inside the Bowles home. The plaintiff in error had seen the Sheriff and his deputy, and upon seeing them he put the whiskey down beside the house, as aforesaid. The whiskey was wrapped in paper in the same way that it is wrapped at whiskey stores, according to testimony of the Sheriff. The Sheriff further testified that: "The reputation of Mr. Bowles and that car (the car driven by Templeton) is for hauling whiskey".

The plaintiff in error did not testify, and he relies solely for his defense upon the allegation that the evidence upon which he was convicted was obtained illegally.

■■ The protection extended by the Constitution of security in person, houses, papers and effects inures to protection of person in possession only and does not extend to third persons. *Allen* v. *State,* 161 Tenn. 71, 29 S. W. (2d) 247. Therefore, the invasion by the officers in this case of the private property belonging to or in the possession of Thomas Bowles was not a violation of the constitutional protection against unlawful searches and seizures of the defendant. The defendant had placed said packages containing the whiskey beside the house of Tom Bowles and had abandoned it.

In 47 American Jurisprudence at page 513 it is stated: "It has been held that the security in person, houses, papers and effects afforded by the various constitutional provisions does not extend to open fields and woods and that a search and seizure may be made at such a place without a warrant therefor". See annotations in 74 A. L. R., p. 1454 and 88 A. L. R., p. 366.

■■ "A search warrant is not necessary for every valid search and seizure, it being only *unreasonable*

searches and seizures which come within the constitutional interdict * * *." *Roberson* v. *U. S.*, 6 Cir., 165 F. (2d) 752.

In the case of *Smith* v. *State*, 155 Tenn. 40, 41, 290 S. W. 4, this Court held:

"An inspection by police officer, at night, with aid of flash light of a motor car, parked in a dark alleyway, disclosing its condition, and unconcealed contents, vessels containing intoxicating liquors, was not unreasonable. The testimony of such officer, alone, supported by the production of the intoxicant thus discovered, held sufficient to sustain conviction for the unlawful possession, and transportation of same."

In the instant case the officers saw the defendant driving an automobile which had the reputation of being used for the purpose of transporting whiskey illegally. They saw the defendant approach the home of Tom Bowles, a person whose reputation was that of engaging in the handling of whiskey illegally. They saw him get out of the automobile carrying two packages, and as he went from the car to the house he, the plaintiff in error, saw the officers, whereupon he put the two packages down beside the Bowles house and entered it. One of the officers went to the packages and found that they contained sixteen half-pints of whiskey, whereupon plaintiff in error was arrested.

We hold that the arrest of this defendant was not an unreasonable exercise of police power but was a duty placed upon them by their oaths of office.

The other assignments of error have been considered, but we believe that they are without merit. Therefore, the conviction of the plaintiff in error is upheld and the action of the trial court affirmed.