WILMA BOWMAN

*v.*

STATE OF TENNESSEE.

362 S.W.2d 255.

(*Knoxville,* September Term, 1962.)

Opinion filed November 9, 1962.

JACK VAUGHAN, Johnson City, CLYDE C. STREET, Elizabethton, for plaintiff in error.

GEORGE F. McCANLESS, Attorney General, LYLE REID, Assistant Attorney General, Nashville, for the State.

MR. JUSTICE WHITE delivered the opinion of the Court.

The plaintiff-in-error, defendant, was adjudged to be guilty of criminal contempt and ordered to pay a fine of $50.00 and serve six months in the Washington County Jail from which she has perfected an appeal to this Court and relies upon the errors assigned in her motion for a new trial. These alleged errors being that the evidence preponderates in favor of the innocence of the defendant and against her guilt and (2) the evidence upon which she was convicted was inadmissible because secured through an illegal search.

■ In disposing of the first assignment of error we have looked to the record and to the brief filed by the plaintiff-in-error and find statements made on her behalf to the effect that ''the testimony here is not positive testimony, it is but circumstantial as against the Defendant possessing whiskey for sale''. If there is circumstantial evidence in the record, and we find there is, to support the conclusion of the jury that the defendant was guilty of criminal contempt beyond a reasonable doubt, then we would not be warranted in disturbing the final judgment in this case.

■ There is no charge made that the jury was not properly instructed by the Court, nor that the issues submitted to the jury were improper. In substance, the issues submitted to the jury were whether whiskey was sold or stored for sale in the property at 112 West Chilhowie Avenue, Johnson City, Tennessee, on November 20th, 1961 or November 22, 1961; was the general reputation of said property that it was a place used for bootlegging on November 22, 1961; and did the plaintiff-in-error, defendant, on November 20th, 1961 and on November 22nd, 1961 sell intoxicating whiskey or possess intoxicating whiskey for sale in Washington County, Tennessee; and finally did the defendant order an employee or agent to destroy intoxicating liquor in Washington County, Tennessee on either November 20th, 1961 or November 22nd, 1961.

To all of the foregoing questions submitted to the jury under a proper charge of the Court, it answered in the affirmative and there is ample evidence in the record to sustain such finding, and we so declare.

In regard to the search of the premises, the defendant says that the warrant for the search was void because it was returned to the City Judge of Johnson City rather than to the Judge of the General Sessions Court of that county; and because the notation of the return date was made more than five days after the warrant was issued, and that consequently the evidence obtained in the search was inadmissible.

The record discloses that the only evidence introduced by the defendant was through the testimony of the owner of the property in question who said that he rented the same to Eunice Barrowman and that he never had at any time rented the property to Wilma Bowman.

To bolster her defense, according to her view, she stated in her answer a complete denial that she had any control over or any interest in the premises known as 112 Chilhowie Avenue in Johnson City, Tennessee, on the 20th or 22nd of November, 1961.

█ It is the general law of this State that when one disclaims interest in the premises or possessions searched or in the articles seized he cannot question the legality of the search and seizure and it necessarily follows there can be no valid objection to evidence obtained by such search. *Allen v. State,* 161 Tenn. 71, 29 S.W.2d 247; *Templeton v. State,* 196 Tenn. 90, 264 S.W.2d 565; *Dobbins v. State,* 206 Tenn. 59, 332 S.W.2d 161.

With reference to the question of the validity of the warrant and the evidence obtained pursuant thereto because the same was returned to the City Judge of Johnson City rather than to the Judge of the General Sessions Court and because the notation of the return was made

more than five days after the warrant was issued, the State has this to say in its brief:

"The testimony of Officer Musick indicates that a preliminary hearing was held before the City Judge of Johnson City on November 27, 1961, which was the fifth day after the warrant was issued and executed. The premises searched were located within the limits of Johnson City. The record does not disclose the jurisdiction of the City Judge; neither does it show that Defendant raised any question as to the authority of this official to hold the hearing. In the absence of any showing of lack of jurisdiction and particularly in the absence of any failure to object to the proceedings before this official, the regularity of the proceedings waiver by the Defendant of any irregularities will be presumed."

■ The record shows that the preliminary hearing was held within five days of the date of the issuance of the search warrant, although the notation of the return was made at a subsequent date. Returning the warrant before an official other than the one who issued it does not within itself affect the validity of the search or the admissibility of evidence obtained pursuant thereto.

In the case of *Braggs v. State,* 155 Tenn. 20, 290 S.W. 1, the Court said in reply to a similar contention made on behalf of the defendant therein the following:

"By this objection [objection to the introduction of evidence obtained through a search warrant] the plaintiff in error is invoking his constitutional right to be free from an unreasonable search. The reasonableness of the search made depended upon the

authority possessed by the officer at the time of making the search. Any omission subsequently made by the officer, in the method of returning the search warrant, could not affect the right of the officer to make the search, nor could it affect the competency of the evidence disclosed by the search.''

██ The last clause of Section 40-507 T.C.A. provides that the warrant is void after five days unless executed. The warrant in the case at bar was certainly executed within the period of five day; that is, the search was made and conducted within that time. The failure of the officer to make the return within the five day period was merely a failure on his part to carry out a ministerial duty. His failure to perform this simple act could not and did not in any way affect the validity of the warrant and the execution thereof by the officer. The proof in fact showed that the officer did execute the warrant within the period of five days and that the preliminary hearing was had on the fifth day after the issuance of the warrant.

Section 84 on Searches and Seizures in 79 C.J.S. is full authority for the position of the State, which general rule is:

''While it is the duty of the officers executing a search warrant to make a return thereof in the manner provided by law, as a general rule the failure of an officer to make a return of a search warrant properly issued and served will not invalidate the search warrant, or a search and seizure made thereunder, even where the statute requires the return within a certain time, the return being merely a ministerial act, which may be performed later, at least within a reasonable time.''

In *Rettich v. U. S.*, 1 Cir., 84 F.2d 118. Defendants contended that the evidence obtained by State Officers was inadmissible because it was not returned to the Court issuing the warrant. The Court held that the return on a search warrant is a ministerial act and can be made within a reasonable time.

*Evans v. U. S.*, 6 Cir., 242 F.2d 534, certiorari denied, 353 U.S. 976, 77 S.Ct. 1059, 1 L.Ed.2d. 1137, a case involving prosecution for the possession of intoxicating liquors arising in Tennessee, held that the return of a search warrant is a ministerial act and any failure therein does not void the warrant.

*Wince v. State*, 206 Miss. 189, 39 So.2d 882, holds:

"The search warrant in this case was based upon a lawful affidavit, and the search warrant itself was a lawful warrant duly authorizing the officer executing it to make search of the property named therein for the stolen articles described in the warrant. It follows from this that at the time the officer was making the search he was engaged in a lawful act and was doing that which the law justified him in doing. The stolen articles were legally recovered as a result of said search. It would be an anomaly for us to hold that the mere failure of the officer to make his return upon the search warrant would relate back and make unlawful that which the law says was lawful at the time the search was being made and the goods were being recovered. We are unwilling to hold that the failure to make a return on the search warrant invalidates the search and makes the testimony incompetent as to the articles recovered by the search. This is neither good law nor logical reasoning."

Searches, Seizures and Immunities, Varon (Bobbs-Merrill, 1961), under Section 11, Return of Search Warrant, states:

"The statutory requirements as to the return of a search warrant, necessity of receipt and inventory are only ministerial, and the failure to comply with these requirements will not tend to invalidate the warrant, nor affect the admissibility of those articles of personal property seized under such writ."

Based upon the above statements of the law, it appears that any irregularities in regard to the return do not render the evidence secured thereunder inadmissible.

From the evidence in this record we believe that the Trial Court acted properly and in accordance with the law of this state; therefore, all assignments of error are overruled, and the action of the Trial Court is affirmed.