George W. STACK, Petitioner-Appellant,

v.

Lynn BOMAR, Warden, Tennessee State Penitentiary, Respondent-Appellee.

No. 16233.

United States Court of Appeals Sixth Circuit.

Dec. 30, 1965.

David N. Gorman (Court appointed), Cincinnati, Ohio, for appellant.

Ed R. Davies, Special Counsel for State of Tenn., Nashville, Tenn., for appellee,

Henry C. Foutch, Asst. Atty. Gen., State of Tenn., Nashville, Tenn., on the brief, George F. McCanless, Atty. Gen., State of Tenn., Nashville, Tenn., of counsel.

Before WEICK, Chief Judge, and PHILLIPS and CELEBREZZE, Circuit Judges.

HARRY PHILLIPS, Circuit Judge.

This is an appeal from the order of the district court denying appellant's application for writ of habeas corpus. Appellant was convicted in the Criminal Court of Shelby County, Tennessee, on July 18, 1962, on his plea of guilty to two indictments for burglary of a drug store, one indictment for possession of narcotics and a fourth indictment for possession of burglary tools. He was sentenced to a term of three years on each of the four offenses, the two burglary sentences to run consecutively and the other two sentences to run concurrently with the burglary sentences. This made a total sentence of six years as compared to a possible maximum of thirty-five years.

Appellant contends that he was deprived of effective assistance of counsel in the state court in that his attorney advised that appellant had no chance to suppress the evidence obtained from an unlawful search and seizure. Appellant now contends that it was upon the basis of this erroneous advice that he entered a plea of guilty.

Appellant was represented in the state court by an Arkansas lawyer of unquestioned ability and experience, who had been employed by appellant's family. This attorney had an extensive background in the practice of criminal law and had represented a member of appellant's family in a prior criminal proceeding. Although not a licensed member of the Tennessee bar, he practiced approximately fifty-five miles from Memphis, Tennessee, received his law degree in Tennessee, and had appeared in several cases in Memphis prior to the indictment of appellant.

Appellant and three co-defendants were scheduled to be tried the same day.

Two of the co-defendants were represented by privately retained counsel and the other by an experienced member of the staff of the public defender office at Memphis.

Appellant's attorney made two or three trips to Memphis in the preparation of his client's case prior to trial, conferred with appellant in the county jail, and spent most of a day in the Bar Association library researching the applicable Tennessee law. He testified in the district court that he read approximately sixteen to eighteen Tennessee cases and wrote an abstract for his file on the question of appellant's chances of a successful defense on the ground of unlawful search and seizure.

From his own research and his conferences with counsel for the other three defendants, this attorney concluded that appellant would not have any chance of a successful defense upon the theory of an unlawful search and seizure, primarily because appellant could not claim a possessory interest in either the searched automobile or the seized contraband. This was a correct statement of Tennessee law in effect at that time. Fox v. State, 214 Tenn. 694, 702, 383 S.W.2d 25 (1964); Bowman v. State, 211 Tenn. 38, 362 S.W.2d 255 (1962); Allen v. State, 161 Tenn. 71, 29 S.W.2d 247 (1929).

The attorney thereupon discussed with the District Attorney General the prospects of a guilty plea, and after some negotiation was informed that the prosecution would recommend to the court and jury that the defendants receive a total sentence of six years upon their plea of guilty. Acting upon the advice of their respective attorneys, each of the four defendants entered a plea of guilty to all four indictments.

The district court held that, in the light of decisions rendered after 1962, the search and seizure was illegal and that appellant's counsel was in error in advising appellant that he had no standing to object to the admissibility of the evidence so obtained, citing Jones v. United States, 362 U.S. 257, 260, 80 S.Ct. 725, 4 L.Ed.2d 697. The district court said:

"It is also true, as the petitioner contends, that his counsel advised him erroneously that he had no standing to object to the admissibility of the illegally seized evidence. But this cannot be ascribed either to incompetence, or unfamiliarity with Tennessee law, or lack of diligence. The fact is that the advice was accurate insofar as Tennessee law was concerned at the time the advice was given. See Bowman v. State, 211 Tenn. 38, 41, [362 S.W.2d 255] (1962). And until two years before the petitioner's conviction the federal law in this circuit was the same as Tennessee's. Brubaker v. United States, 183 F.2d 894, 897 (6th Cir. 1950). It was changed for federal prosecutions by the Supreme Court of the United States in Jones v. United States, supra. The failure of petitioner's counsel to take account of that case was hardly a sign of incompetence because it was not until a year before the petitioner's conviction that the federal rule of exclusion was applied by a 5–4 decision to State prosecutions. Mapp v. Ohio, 367 U.S. 643 [81 S.Ct. 1684, 6 L.Ed.2d 1081] (1961). And the scope of the Mapp decision was by no means clear until the 8–1 decision of Ker v. California, 374 U.S. 23 [83 S.Ct. 1623, 10 L.Ed.2d 726] (1963).

"Furthermore, even counsel clairvoyant enough to have perceived in 1962 how far the Mapp principle would apply federal law to State prosecutions might nevertheless have recommended a plea of guilty on the non-possessory counts against the petitioner—that is, the two burglary charges as to which evidence independent of the illegal seizures was clearly available. These two sentences alone would justify the petitioner's further detention.

"In any event, the court is satisfied that the petitioner entered pleas of guilty on all four charges voluntarily, with an understanding of the situation, and after the considered

advice of competent counsel of his own choice. The judgments cannot be set aside except upon the theory that the violation of his rights prior to indictment could not be waived by a voluntary guilty plea, and no authority going so far has been called to the court's attention."

It is contended that the attorney erred in not filing a motion to suppress the evidence. At the time of appellant's sentence in 1962, however, there was no established procedure in Tennessee for the suppression of evidence in a criminal trial upon a preliminary motion.[1] If appellant's attorney had decided to try the case on a plea of not guilty, the procedure for challenging the admissibility of the evidence allegedly obtained by unlawful search and seizure would have been by objecting to the evidence at the time it was offered by the prosecution.

If the case had been tried on its merits and if the evidence obtained by search and seizure had been excluded, we agree with the district court that only the two possessory offenses necessarily would have been affected. Appellant's counsel had no assurance that the prosecution could not prove the two burglary charges by evidence other than that obtained by the illegal search and seizure.

We find no merit whatever in appellant's contention that he was deprived of adequate and effective assistance of counsel. Appellant testified in the district court that on the day of his trial, he became aware that his attorney had sold him out, was not going to fight for him and was not adequately representing him, and said that he felt as if he did not have an attorney. This statement is contradicted by a letter written by appellant to his attorney on June 27, 1963, in which he expressed the hope that his family had finished paying the attorney's fee and said: "I write this letter in regards to myself, George W. Stack, whom you so ably represented in Memphis in June of 1962."

A petitioner in a habeas corpus proceeding must prove his allegations by a preponderance of the evidence. Gray v. Johnson, 354 F.2d 986 (C.A.6, No. 16,267, November 29, 1965). Findings of fact of the district court will not be set aside on appeal unless "clearly erroneous." Rule 52(a), Federal Rules of Civil Procedure. The findings of fact of the district court in the present case are not clearly erroneous, but to the contrary are sustained by the record.

The order of the district court is affirmed.

The court expresses its appreciation to Mr. David N. Gorman of the Cincinnati Bar for his services as court-appointed counsel for appellant.

---

1. T.C.A. § 40–519, codified from a statute enacted in 1965, now provides such a procedure.