William J. **HUMPHRIES**, Petitioner-Appellant,

v.

LaMoyne **GREEN**, Superintendent, Marion Correctional Institution, Respondent-Appellee.

No. 18079.

United States Court of Appeals
Sixth Circuit.

June 12, 1968.

William J. Humphries in pro. per.

William B. Saxbe, Atty. Gen., Leo J. Conway, Asst. Atty. Gen., Columbus, Ohio, for respondent-appellee.

Before O'SULLIVAN, PHILLIPS and EDWARDS, Circuit Judges.

O'SULLIVAN, Circuit Judge.

We consider the appeal of William J. Humphries from the decision of the United States District Court for the Northern District of Ohio, denying his application for a writ of habeas corpus. For the reasons which follow we affirm the judgment of the District Court.

Appellant Humphries is presently in custody at the Marion Correctional Institution, Marion County, Ohio, pursuant to sentences imposed under judgments entered on February 9, 1959, in the Court of Common Pleas of Summit County, Ohio. Appellant pleaded guilty to six counts of armed robbery, contained in four separate indictments. He was sentenced to 10–25 years at hard labor on each count, all counts to run concurrently except that contained in indictment No. 28662, which was ordered to run consecutively to the other five counts. His sentences thus total 20 to 50 years.

Appellant took no appeal from these convictions. His petition for habeas corpus was denied by the Marion County Court of Common Pleas in June of 1965; his petition to vacate the above sentence, filed pursuant to O.R.C. § 2953.21 in the Summit County Court of Common Pleas, was denied after an evidentiary hearing held on March 25, 1966. On appeal to the Summit County Court of Appeals, this denial was affirmed. In his address to the District Court and in his appeal to this Court, appellant makes

no claim of constitutional error not previously addressed to and passed upon in these state court post conviction proceedings. The Supreme Court of Ohio dismissed appellant's motion for leave to appeal for the reason that no substantial constitutional question was presented.

Appellant filed a petition for writ of habeas corpus on May 9, 1967, in the United States District Court. Based upon the pleadings and transcript of the hearing held in the Summit County Court of Common Pleas, United States District Judge Don J. Young concluded that no constitutional rights of appellant had been violated. He accordingly dismissed the petition. From that dismissal we entertain the instant appeal.

■ At the outset we express our concurrence in the propriety of the District Judge's considering this case on the pleadings and transcript of the post-conviction proceedings in the Ohio Common Pleas Court. Since these proceedings adequately and fairly developed the facts relative to appellant's claims of constitutional deprivation, there was no need to conduct another evidentiary hearing. 28 U.S.C. § 2254(d); Townsend v. Sain, 372 U.S. 293, 312–319, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). Appellant was allowed to tell his story at length therein and had the aid of appointed counsel in so doing. The same judge who entertained this hearing was the judge who sentenced appellant in 1959, and was in an especially knowledgeable position to assess appellant's various objections relating to that sentencing, which objections form the basis of appellant's claim for federal habeas corpus relief.

Appellant presents the following five claims of constitutional error: 1) that the grand jury indictments were defective for failure to contain the section number of the statute defining the offense, and because of the use of the word "robbed" instead of "did steal," the latter being the language of the pertinent statute; 2) that appellant did not sign a written waiver of jury trial upon entrance of his guilty pleas, as allegedly required by Ohio law; 3) that he was held five days after arrest before arraignment, during which time the police denied his right to contact counsel; 4) that he received a heavier sentence than certain cofelons, and that this was due to the urging of a policeman that the judge go harder on appellant than the others; and 5) that he was induced to plead guilty because of the promise of his attorney and the prosecuting attorney that by "going down" or "copping out" he would, as put by appellant, receive the same sentences as these others (whose sentences of 10–25 years on various counts were all set to run concurrently).

■ Most of these claims border frivolousness and may be disposed of on short discussion. The technical defects in the indictments do not present a claim of deprivation of rights guaranteed by the Constitution of the United States. See Bush v. United States, 347 F.2d 231 (6th Cir. 1965); Kimbro v. Bomar, 333 F.2d 755 (6th Cir. 1964). Similarly, although Ohio law may provide for a written waiver of jury trial upon entrance of a guilty plea, see O.R.C. § 2945.05, failure to comply with same is not a federal constitutional violation. See McCord v. Henderson, 384 F.2d 135, 137 (6th Cir. 1967).

■ In relation to appellant's claim of illegal confinement and denial of counsel, we mention that in his state court post conviction hearing appellant did testify to a confession given to the police shortly after his arrest for the armed robbery he committed while out on bail. However, neither in his habeas corpus petition nor in his address to us does he complain of this statement. His conviction having been in 1959 the doctrines of Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964) and Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) are of course inapplicable. Johnson v. State of New Jersey, 384 U.S. 719, 734, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). And no facts appear which would render the confession involuntary under the tests summarized in Davis v.

State of North Carolina, 384 U.S. 737, 86 S.Ct. 1761, 16 L.Ed.2d 895 (1966). Finally, any infirmity in this alleged statement was waived by appellant's pleas of guilty, which we, like the state courts and the District Judge, find to have been voluntarily entered on advice of counsel. See McCord v. Henderson, supra, 384 F.2d at 137, where we recently discussed this question.

*Sentencing.*

■ Appellant's basic complaint in the District Court and on appeal to this Court appears to be that one of the counts on which he was sentenced was "run wild," to employ his idiom, while all counts on which his "rap partners" were sentenced were run together, i. e., concurrently. Hence, while they received aggregate sentences of 10–25 years, his cumulative time amounted to 20–50 years. Aside from appellant's assertion that he was "promised the same sentence as the rest," which we discuss below, he alleges that during his sentencing a certain police officer arrived in the courtroom at the moment the judge was about to pronounce sentence on him, urging the judge to "go hard" on appellant. As we mentioned above, the sentencing judge was the same judge who held the hearing in the state court vacation of sentence proceeding. His reply then to appellant's above assertion was:

> "Now, after entering a plea of guilty to six counts do you, at this time, think the Court was rough with you in allowing just one of them to run consecutive? I think I was very easy that day. Ordinarily I would—a man that was involved in as many robberies as you were—armed robbery is very serious business."

■ He noted that he had before him information that appellant had participated in at least twelve armed robberies including the six on which he had been indicted, and that while out on bond on several of the indictments, appellant committed still another armed robbery. It is plain from the judge's remarks that the interruption of the police officer,

if in fact such occurred, was not a material factor in the sentencing. In any event, the trial judge is allowed a wide discretion as to the evidence to be considered in imposing sentence. Williams v. People of State of New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949); Miller v. Gladden, 341 F.2d 972, 977 (9th Cir. 1965); Fountaine v. Crouse, 337 F.2d 378, 379 (10th Cir. 1964).

*Alleged "Deal" With the Prosecutor.*

■ Appellant's final contention is that his attorney and the prosecutor promised him that in return for a plea of guilty and information on various robberies in which he was implicated, he would be given a lighter sentence than was imposed. Were such allegations true, petitioner might indeed be entitled to relief. Machibroda v. United States, 368 U.S. 487, 493, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962); United States ex rel. McGrath v. LaVallee, 319 F.2d 308, 312–314 (2nd Cir. 1963). However, a plea of guilty simply on advice of counsel is not grounds for habeas corpus relief without a showing that the plea was coerced. Lattin v. Cox, 355 F.2d 397, 400 (10th Cir. 1966); Gray v. Johnson, 354 F.2d 986, 987 (6th Cir. 1965). And the burden of proving a deprivation of constitutional rights in a habeas corpus proceeding is on the appellant. Stack v. Bomar, 354 F.2d 200, 202 (6th Cir. 1965).

Relevant to the assessment of appellant's claim is the fact that he enjoyed the assistance of counsel throughout the involved contacts with law enforcement officials. In October of 1958 the Summit County Grand Jury returned four indictments against appellant, three of them containing one count of armed robbery and the fourth containing three separate counts of armed robbery. While represented by counsel of his own choice he was arraigned on two of these indictments on October 20, 1958. He entered pleas of not guilty and was admitted to bail. While free he and another individual committed still another armed robbery for which he was arrested but

not indicted. Instead, he was arraigned on the two remaining October 15 indictments. He was not represented by counsel at this time, but a plea of not guilty was entered for him. Counsel who had previously represented him withdrew after appellant was arrested for this later offense, but another attorney was retained by appellant's mother to represent him. By appellant's own testimony it appears that this attorney advised him that it would be a waste of his mother's money to pay for representation, since appellant had no choice but to plead guilty, having apparently been caught red-handed in the robbery while out on bond. Four days after his arrest the Court appointed one Thomas Brown to represent appellant, "a very capable lawyer, and who is now [1966] teaching law at one of the law schools in the country."

After consultation with this attorney appellant agreed to go to the prosecutor's office and give information on various armed robberies. It is apparent that counsel's strategy was for appellant to plead guilty and to cooperate with the police in a hope for leniency from the Court on sentencing. Given the fact that appellant had apparently been caught in the act of committing an armed robbery, and implicated by several other cofelons in other like offenses, it is patently obvious why such a strategy was in the best interests of the appellant. We think, moreover, that his pique at being sentenced to 20–50 years instead of 10–25, as were others, while understandable as the product of frustrated hope, is nevertheless not sufficient to sustain his contention that he was the victim of an unfulfilled promise, or "deal."

In his testimony in the state court hearing appellant complained that the prosecutor assured him that he would *not intervene when appellant came into court for sentencing.* But then, appellant testified, the prosecutor sent a police officer over to the court to urge the judge to "go heavy" on appellant. We have dealt with this latter contention above; we mention it here only to show that appellant himself admitted that the prosecutor was careful to indicate that he could not interfere with the Court's sentencing in order to obtain a lighter sentence, that no "deals" could be made. In this regard the remarks of the state court judge who held the evidentiary hearing are not a little relevant in assessing appellant's credibility:

"His rights were protected at every step in this case. There is no place at all where his rights were taken lightly.
\* \* \* \* \* \*
"You [appellant] are just trying to talk yourself out of trouble and that is one reason—you are not frank and you are not being honest with anybody. You have the benefit of very capable counsel, \* \* \*. Now that we have had this hearing it is obvious to me beyond any reasonable doubt at all that your rights were protected at every step \* \* \*."

The considerations regarding appellant's contact with the prosecutor apply equally to his guilty pleas which followed shortly thereafter, at which time he was again assisted by attorney Brown. We are not persuaded that said pleas were anything but voluntary.

Judgment affirmed.

EDWARDS, Circuit Judge (concurring).

I concur fully with Judge O'Sullivan's opinion as to all issues in this case, except the plea bargaining issue, and as to this issue, I concur in result.