Walter D. HARKINS, Petitioner-Appellee,

v.

E. P. PERINI, Superintendent, Marion Correctional Institution, Respondent-Appellant.

No. 19021.

United States Court of Appeals Sixth Circuit.

Dec. 23, 1969.

---

1. *E. g.,* NLRB v. Zelrich Co., 344 F.2d 1011 (5th Cir. 1965).

tion, appeals from an order of the United States District Court for the Northern District of Ohio granting a writ of habeas corpus to appellee, Walter D. Harkins. Harkins was, on October 9, 1962, convicted in the Common Pleas Court of Lucas County, Ohio, of unlawful possession of marijuana in violation of an Ohio statute. His conviction has been affirmed and he has been denied habeas corpus relief by the courts of Ohio. He has exhausted available Ohio remedies.

This cause began with Harkins' petition to the United States District Court for habeas corpus relief, asserting among other claims of deprivation of federally granted constitutional rights, that perjury known to be such by the prosecuting attorney was used to convict him. His petition was initially dismissed without an evidentiary hearing. On appeal to this Court we found that his other grounds were adequately considered and disposed of in the District Court, but remanded that matter to the District Court as follows:

> "We are of the opinion, however, that the petition for writ of habeas corpus presented a factual issue as to whether or not the prosecuting attorney knowingly used perjured testimony to bring about petitioner's conviction. The resolution of this issue required an evidentiary hearing.

> "We find no other error in the District Court's order and, therefore, remand the case for evidentiary hearing only upon the question of whether perjured testimony was used to convict the petitioner. *The burden of establishing such claim will be upon the petitioner.*" (Emphasis supplied.)

The evidentiary hearing was held, and at its conclusion the District Judge granted a new trial upon a finding, not that the prosecuting attorney knowingly used perjured testimony, but that a police officer's testimony used to convict Harkins was perjurious.

We reverse.

With great respect for the careful consideration given this matter by the

---

Leo J. Conway, Atty. Gen. of Ohio, Columbus, Ohio, for respondent-appellant; William B. Saxbe, Atty. Gen. of Ohio, Leo J. Conway, Asst. Atty. Gen., Columbus, Ohio, on brief.

Gerald B. Lackey, Toledo, Ohio, on brief for petitioner-appellee.

Before O'SULLIVAN, EDWARDS and COMBS, Circuit Judges.

O'SULLIVAN, Circuit Judge.

Appellant Perini, Superintendent of the Ohio Correctional Institu-

learned District Judge, we find error in his legal conclusions and that in critical regard his findings of fact were clearly erroneous.

On June 29, 1962, police officers of Toledo had "staked out" the location of Harkins' car which was suspected of having been driven from Chicago with a supply of heroin. The officers had a search warrant. Included among the officers participating in this stake out was Daniel Perzynski. When Harkins was observed entering his car, the officers closed in. Harkins' fists were closed and one of the officers obtained a marijuana cigarette from one hand and a slip of paper with a Chicago address on it from the other. Harkins immediately started shouting that the officer was framing him, and had planted marijuana on him. The contraband thus seized was the subject matter of Ohio's prosecution of Harkins. At trial, a Toledo police officer by the name of Zsigray testified that he participated in the arrest of Harkins and the seizure of the marijuana. It was Zsigray's testimony that was found to be perjurious.

The following is the material out of which the finding of perjury was made. When first arrested, lawyer James B. Simmons, III, was retained by Harkins. Ultimately, Simmons unsuccessfully tried to persuade Harkins to plead guilty and was discharged from the case. Called as a witness for Harkins at the evidentiary hearing on remand, he gave testimony which is described in the District Court opinion as follows:

"He testified that at the time of the preliminary hearing, the city police prosecutor asked him if he wanted the hearing to get his client off, or for discovery purposes. Simmons said he only wanted discovery of the testimony of the arresting officers. The police prosecutor then suggested that they shorten proceedings by Simmons cross-examining officer Perzynski outside the courtroom and then entering a plea of not guilty and having petitioner bound over. Simmons testified that this was a common police court practice. Thereupon he, the police prosecutor, administered an oath to the policeman, and in response to questioning, the officer stated that he alone had searched petitioner; that the only other policeman in the immediate vicinity was an Officer Pfeiffer; and that Pfeiffer could not see him take the cigarette from petitioner's hand, because he was back of Perzynski."

This questioning under oath occurred in a restaurant over a cup of coffee. Simmons also testified that he told this story to Harkins and later to the attorney who succeeded him as attorney for Harkins. Whatever the importance of this coffee cup exchange, Simmons later told Harkins that the story of the marijuana cigarette being planted on him by the officers would not be believed by anyone,[1] and urged Harkins to plead guilty. At the time of trial in the Common Pleas Court, Officer Perzynski was away from Toledo at a convention so the prosecution called only Officer Zsigray, who testified that he and Perzynski arrested Harkins. He gave an account of the circumstances. Apparently the District Judge found that Simmons accurately recollected what transpired at his coffee cup exchange with Officer Perzynski. From this finding he reasons that Officer Zsigray's testimony at trial *had* to be perjured. We are unable to follow the reasoning which led to this conclusion.

In our remand, we correctly advised that Harkins had the burden of establishing his claim that the state had dealt with him unconstitutionally. Humphries v. Green, 397 F.2d 67, 70 (6th Cir. 1968); Stack v. Bomar, 354 F.2d 200, 202 (6th Cir. 1965); Gray v. Johnson, 354 F.2d 986, 987 (6th Cir. 1965), cert. denied, 383 U.S. 961, 86 S.Ct. 1232, 16 L.Ed.2d 304.

---

1. The District Judge expressed his own view of the fantasy of Harkins' defense when he referred to "the petitioner's insistence on his totally unbelievable story that the police planted the cigarette on him when they searched him."

The District Judge was led to his conclusion by his great confidence in lawyer James B. Simmons, III, saying that it was "impossible for this Court to believe that an attorney with the ability and background of Mr. Simmons would commit perjury." But to have found that Zsigray had *not* committed perjury it was not necessary to doubt [2] Simmons' veracity or his recollection of the coffee cup exchange, for that exchange proves only that Perzynski, in such an informal moment, did not relate the full truth. It is true that at the remand hearing Perzynski denied the conversation with Simmons; and even if this was perjury, which we do not believe, it does not in any way support a charge of perjury against Zsigray.

■ There is much in the record to sustain the correctness of Officer Zsigray's testimony at the Harkins trial. A transcript of it was offered and received in evidence at the remand hearing. We have read it and find nothing in it, and neither did the District Judge, impairing in the slightest the credibility of Zsigray. After the transcript was received, the attorney for respondent superintendent offered Officer Zsigray for cross-examination. Harkins' attorney, however, declined the offer and said he would assume that Zsigray would testify the same as he did at the trial. From this trial event, the District Judge draws the following inferences:

"By stipulation, the testimony of Officer Zsigray at the original trial was accepted as his testimony at this trial, so his story has never been tested by a proper cross-examination devoted to the issues in this case. It was not incumbent upon the petitioner to produce Officer Zsigray, and the respondent having control of this witness, and having failed to produce him, *the presumption is that had he appeared and testified accurately and truthfully, his testimony would have been unfavor-*

*able to the respondent's position."* (Emphasis supplied.)

Respectfully, this statement exhibits a misunderstanding of relevant law, and in the context of this case was an error of law. The respondent did offer to submit Zsigray for cross-examination. Harkins' attorney declined to use the opportunity to do so. As Harkins had the burden of proving his charge of perjury, as Zsigray was available for cross-examination, and as Harkins stipulated that cross-examination would add nothing, no inference against respondent should have been indulged.

Captain Ted B. Kwiatkowski, a 22 year member of the Toledo Police Department, testified that on the day of Harkins' arrest Officer Zsigray brought the marijuana which had been seized from Harkins to him for analysis.

At the evidentiary hearing, there was much inquiry of Prosecutor Jan, who originally tried the Harkins case, as to whether the grand jury notes would support Zsigray's claim of participation. Jan stated that such grand jury notes would have been destroyed and that only a summary of the grand jury testimony would remain in the Prosecuting Attorney's file. Demand was made upon Jan to produce such file and Jan vigorously resisted—claiming this file was confidential. The District Court finally ordered the Assistant Prosecutor Jan to produce the prosecutor's file. The file was produced and showed that both Perzynski and Zsigray testified before the grand jury and their testimony, then, was entirely consistent with what Zsigray said at the Harkins trial.

■ We find that Harkins wholly failed to meet his burden of proving his original charge that the prosecuting attorney knowingly used perjured testimony and also failed to prove that any perjury was committed by any prosecution witness. Neither did he meet the burden of proving that Zsigray com-

2. Some doubt does exist about Simmons' story. The police prosecutor present at the exchange was not called to corroborate Simmons' story and, in fact, told Simmons that he did not recollect the incident well enough to prepare an affidavit.

mitted perjury. Even if we were to place the burden of proof on the appellant superintendent to disprove Harkins' claims, we find that such claims were completely destroyed by the evidence adduced.

This disposition of the matter obviates any need to consider the question whether perjury by any state officer, unknown to the prosecuting authorities, is ground for habeas corpus relief.

The judgment of the District Court is vacated, the petition for habeas corpus is dismissed, and the writ is discharged.