**Willis Michael DANIELS, Jr., Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

Dec. 30, 1976.

Certiorari Denied by Supreme Court
April 4, 1977.

Robert T. McGowan, Nashville, for appellant.

Brooks McLemore, Atty. Gen., Robert E. Kendrick, Deputy Atty. Gen., E. E. Edwards, III, Asst. Dist. Atty. Gen., Nashville, for appellee.

## OPINION

DWYER, Judge.

Willis Michael Daniels, Jr., appeals his jury conviction of robbery by use of a deadly weapon, T.C.A. 39–3901, and assessed punishment of confinement for fifteen years in the State Penitentiary. From the judgment imposed on that verdict this appeal has been seasonably perfected.

Appellant's assignments of error summarized are these: (1) the court erred in allowing certain items, which were seized by the police without a search warrant and which

belonged to codefendants not on trial, to be used as evidence against the defendant; (2) the court erred in allowing certain items, to wit, money orders and food stamps, to be admitted in evidence, although no proper foundation had been laid to connect them with defendant.

We will succinctly narrate the evidence we have found from reviewing this record.

At approximately 9:30 a.m. on March 5, 1973, the A&P Food Store at Ninth and Buchanan Streets in Nashville, Tennessee, was robbed by three black males, one of whom was armed with a pistol. One thousand six hundred eighty-six dollars and forty-one cents worth of cash and food stamp coupons and a large number of American Express money orders were taken.

An employee of the post office next door to the A&P observed the three holdup men leaving the scene and gave a description of their car and its license plate number to the policemen responding to the robbery complaint.

This vehicle was observed later that day parked at the nearby Eldorado Motel by a patrolling officer who then requested assistance. While the robbery investigation was in progress at this location, two suspects were observed running from the building and were subsequently apprehended. During this time the motel room of these two men was searched in an effort to locate the third robber. The following items discovered in that room were admitted into evidence at the trial: (1) a pistol; (2) eight books of money orders; and (3) eight books of change coupons for food stamps. The money orders were identified as the ones taken in the robbery and the food stamp coupons were identified as the type used by A&P stores and taken in the robbery.

The automobile was processed for fingerprints and the appellant's thumb print was found on the left rear door glass of this car.

The appellant was arrested the next day at another location. He did not testify and offered no proof.

The appellant complains that the search of the motel room and seizure without a warrant of the above mentioned physical evidence was illegal and therefore the fruits of the search were inadmissible. However, the record is devoid of any claim by the appellant of a possessory interest in the room upon which to base his objection to its search.

As stated in *Allen v. State*, 161 Tenn. 71, at page 73, 29 S.W.2d 247 (1930):

"The constitutional provision forbidding the government and its officers to invade private property inures to the protection of the person in possession. . . . It does not extend to third persons."

The appellant has no standing to contest the validity of the search. *Miller v. State*, Tenn., 520 S.W.2d 729, 733 (1975). These assignments are overruled.

Appellant also assigns as error the admission of the money orders and food stamps alleging that no proper foundation had been laid to connect them with the defendant. Although this assignment is unbriefed, we have considered it and find it to be meritless.

Prior to the introduction of these items, the appellant had been identified by an eyewitness victim as the one who had held a gun on the store employees and had taken money from a cash register, the money orders and food stamp coupons had been identified as being those taken in the robbery by the bookkeeper victim, and the getaway car had been traced to the motel where the evidence was collected. We find no error in the trial court allowing this evidence to be presented to the jury. The assignment is overruled.

The judgment of the trial court is affirmed.

WALKER, P. J., and TATUM, J., concur.