**Nancy Jo KELLEY and Stella Roberts, Petitioners,**

v.

**STATE of Tennessee, Respondent.**

Supreme Court of Tennessee.

April 24, 1978.

James G. Nave, Cleveland, for petitioners.

Linda Ross Butts, Asst. Atty. Gen., Nashville, for respondent; R. A. Ashley, Jr., Atty. Gen., Nashville, of counsel.

OPINION

PER CURIAM.

In these consolidated causes petitioners, Nancy Jo Kelley and Stella Roberts, were convicted of the offenses of shoplifting and grand larceny. For the shoplifting offense, each defendant was fined $300.00 and, for the grand larceny offense, each defendant was sentenced to a term of not less than three nor more than six years in the penitentiary.

At the trial the defendants offered no evidence but relied upon a motion to suppress the evidence obtained from the search of an automobile which belonged to defendant Roberts and in which was found the three wigs having a total value of $135.00 which were taken from the Atlanta Wig Boutique in Cleveland, Tennessee, by the defendants, which evidence constituted the basis for the grand larceny conviction. The trial court held that the search and seizure was valid although conducted without a warrant and upon appeal the Court of Criminal Appeals affirmed the convictions, holding that neither of the defendant petitioners had standing to question the validity of the search. The court reached that conclusion with respect to Nancy Jo Kelley upon the ground that she did not own or have any possessory interest in the automobile or the items seized and with respect to Stella Roberts upon the ground that although she owned the automobile at the time of the search she was, nevertheless, deprived of standing because immediately prior to the search, upon being questioned by the arresting officers whether she owned an automobile, denied that she owned one. The court, therefore, concluded that under the doctrine of disclaimer, as enunciated by this Court in *Bowman v. State*, 211 Tenn. 38, 362 S.W.2d 255 (1962) and *Miller v. State*, Tenn., 520 S.W.2d 729 (1975) defendant Roberts was deprived of the standing she otherwise would have had to contest the search.

Based upon a thorough examination of the record in these cases and after careful

consideration of the authorities cited by the petitioners, the Court is unanimous in its conclusion that no error exists with respect to the convictions for shoplifting. With respect to the grand larceny convictions, a majority of the Court is of the opinion that upon the authority of *Fox v. State,* 214 Tenn. 694, 383 S.W.2d 25 (1964); *Bowman v. State, supra;* and *Miller v. State, supra,* neither of the defendants, under the circumstances of this case, had standing to contest the validity of the search made of the automobile which revealed the wigs and, therefore, that the larceny conviction also must be affirmed.

Mr. Justice Brock disagrees with the conclusion of the majority that the defendants lack standing to contest the validity of the search and upon the authority of *Jones v. United States,* 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960) would hold that each of the defendants possesses sufficient standing to contest the search and that the disclaimer doctrine cannot be constitutionally applied under the circumstances of this case. He is further of the opinion that the search and seizure in this case was unlawful when measured by the standards announced in *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); *Fuqua v. Armour,* Tenn., 543 S.W.2d 64 (1976); *State v. Hughes,* Tenn., 544 S.W.2d 99 (1976). He, therefore, dissents from the decision of the Court in the grand larceny cases.

The judgments of the Court of Criminal Appeals and of the trial court are affirmed and costs are taxed against the petitioners.