849

UNITED STATES of America,
Plaintiff–Appellee,

v.

Stephen Clifford FERGUSON,
Defendant–Appellant.

No. 01–30034.

D.C. No. CR–00–00192–C.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 11, 2002 *.

Decided Feb. 22, 2002.

Appeal from the United States District Court for the Western District of Washington John C. Coughenour, District Judge, Presiding.

Before B. FLETCHER, T.G. NELSON and TALLMAN, Circuit Judges.

MEMORANDUM **

Stephen Clifford Ferguson appeals the district court's denial of his suppression motion. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

Ferguson contends that the district court erred by concluding that he lacked standing to assert his Fourth Amendment rights because he abandoned the searched property. This contention is without merit.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Ferguson's notice requesting oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

We review a district court's finding of abandonment for clear error. *United States v. Nordling*, 804 F.2d 1466, 1469 (9th Cir.1986).

 To find that a person has abandoned property, a district court need only conclude whether the person so relinquished his interest in the property that he no longer retained a reasonable expectation of privacy at the time of the search. *See id.* (providing that "[t]his determination is to be made in light of the totality of the circumstances, and two important factors are denial of ownership and physical relinquishment of the property"). Here, prior to police entry into the residence in search of medical information, Ferguson told aid personnel that the house was not his, and that the contents of the house belonged to McAlpin. Ferguson had also produced identification which listed his address as being in another city, and informed police that the address listed on the identification was his correct address. Finally, when released by police, Ferguson got into his car and drove away. Because Ferguson's actions are not consistent with any reasonable expectation of privacy, the district court's determination that Ferguson had abandoned the residence was not clearly erroneous. *See id.; United States v. Pruitt*, 464 F.2d 494, 495–96 (9th Cir. 1972). "Because warrantless searches or seizures of abandoned property do not violate the fourth amendment, persons who voluntarily abandon property lack standing to complain of its search and seizure." *Nordling*, 804 F.2d at 1469 (1986) (internal citations omitted).

AFFIRMED.