IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
November 16, 2016 Session

**STATE OF TENNESSEE v. JOSEPH DURWARD WATSON, II**

**Appeal from the Circuit Court for Blount County**
**No. C-22828 David Reed Duggan, Judge**

_____

**No. E2016-00105-CCA-R3-CD**

_____

TIMOTHY L. EASTER, J., dissenting.

Only a person who has a legitimate expectation of privacy in an invaded place has standing to claim the protection of the Fourth Amendment and may seek to have illegally obtained evidence excluded. *See Rakas v. Illinois*, 439 U.S. 128, 133-34 (1978); *Simmons v. United States*, 390 U.S. 377, 389 (1968); *State v. Willis*, 496 S.W.3d 653, 720 (Tenn. 2016); *State v. Cothran*, 115 S.W.3d 513, 520-21 (Tenn. Crim. App. 2003). Because of his conduct, Defendant is not such a person. I believe that Defendant's actions in this case fall squarely within the rule established by our supreme court in *State v. Ross*, 49 S.W.3d 833 (Tenn. 2001). Defendant disclaimed and abandoned whatever interest he may have had in the property, thus losing a subjective expectation of privacy. Therefore, I respectfully dissent.

The United States Supreme Court has recognized that warrantless searches and seizures of abandoned property do not violate the Fourth Amendment. *Abel v. United States*, 362 U.S. 217, 241 (1960). Our supreme court has held that abandonment under the Fourth Amendment "may be shown merely by an intent voluntarily to relinquish a privacy interest." *Ross*, 49 S.W.3d at 842 (internal quotation omitted). Federal courts have noted that intent "may be inferred from words spoken, acts done, and other objective facts." *United States v. Colbert*, 474 F.2d 174, 176 (5th Cir. 1973). Abandonment is not limited to personal property; as this Court has noted, "'a person can, as he can with any other property, sufficiently manifest an intent to abandon his house.'" *State v. Michael Anthony Logan*, No. M2013-02701-CCA-R3-CD, 2015 WL 4515141, at *12 (Tenn. Crim. App. July 27, 2015) (quoting *United States v. Harrison*, 689 F.3d 301, 307 (3d Cir. 2012)), *perm. app. denied* (Tenn. Nov. 24, 2015); *see also State v. Ledford*, 438 S.W.3d 543, 553-54 (Tenn. Crim. App. 2014).

In *Ross*, the Tennessee Supreme Court held that "a disclaimer or denial of ownership demonstrates sufficient intent of disassociation to prove abandonment." 49 S.W.3d at 842 (internal quotation omitted). The *Ross* court rejected the contention that "mere disclaimer of ownership, unlike actual abandonment of ownership, should not defeat an expectation of privacy." *Id*. at 841 (citing 5 Wayne R. LaFave, *Search and Seizure* § 11.3(a), at 128, 187 (3d ed. 1996)). Instead, the court continued to hold with "a long line of cases from this Court" as well as the "vast majority of jurisdictions . . . [that] have equated a denial or disclaimer of an interest in the object of a search with formal abandonment." *Id*.; *see id.* at 841 n.5 (citing state cases), 842 n.7 (citing federal cases). In other words, "[a]n owner's affirmative disclaimer of ownership, if voluntary, ordinarily constitutes abandonment." *Stanberry v. State*, 684 A.2d 823, 832 (Md. 1996); *see also Harrison*, 689 F.3d at 307 ("In most cases, disclaiming ownership or physically relinquishing the property is sufficient to establish abandonment."). A disclaimer of ownership is tantamount to a declaration of indifference, thus negating the existence of any privacy concern. *See United States v. Zapata*, 18 F.3d 971, 978 (1st Cir. 1994). Therefore, "'when one disclaims interest in the premises or possessions searched or in the articles seized[,] he cannot question the legality of the search and seizure.'" *Ross*, 49 S.W.3d at 841 (quoting *Bowman v. State*, 362 S.W.2d 255, 257 (Tenn. 1962)).

In *Ross*, the Tennessee Supreme Court held that when the appellant stated that a hotel room key found in his sock did not belong to him but to someone else, he abandoned his otherwise reasonable expectation of privacy in the hotel room. *Id*. at 842-43. I disagree with the majority's characterization of Ross's disclaimer as being just "a relevant fact" in the inquiry and "not alone dispositive." *See supra.* The *Ross* court made clear that a defendant's disclaimer of ownership "is more than just another factor to consider" in evaluating his or her subjective expectation of privacy. 49 S.W.3d at 842. The court specifically stated that "when a defendant disclaims an interest in the object of a police investigation at the time of the search, then *this fact alone* will deprive a defendant of any expectation of privacy, irrespective of considerations such as ownership or possession." *Id.* at 841 (emphasis added) (citing *Miller v. State*, 520 S.W.2d 729, 733-34 (Tenn. 1975)); *see also United States v. Salvucci*, 448 U.S. 83, 90-93 (1980). In fact, the Tennessee Supreme Court later clarified that *Ross* "carved out an exception" to the totality of the circumstances test by "holding that when a defendant disclaims any interest in the object of a governmental search, the expectation of privacy is lost." *State v. Talley*, 307 S.W.3d 723, 731 (Tenn. 2010) (citing *Ross*, 49 S.W.3d at 840-42).

In this case, I would conclude that Defendant did not exhibit a subjective expectation of privacy when he made an affirmative disavowal of ownership. No matter how much it appears that the levy execution was used as a pretext to gain entry onto the property, the officers were acting within the bounds of the law when they knocked upon the front door, checked the registration of vehicles in plain view, and engaged in a consensual encounter with Defendant in the front yard. Defendant voluntarily told the officers that he did not live at the house and that the house did not belong to him but to

his girlfriend. Defendant stated that he left his keys inside the house and that the door had locked automatically behind him. In addition to Defendant's affirmative disclaimers of ownership, his intent to abandon the property can be further inferred from his actions when he left the property before the officers conducted their search. *See United States v. Ferguson*, 33 F. App'x 849, 850 (9th Cir. 2002) (holding that a defendant did not have a reasonable expectation of privacy when he stated that the house was not his and that its contents belonged to someone else, produced identification listing his address in another city, and then drove away from the scene); *United States v. Jenkins*, 426 F. Supp. 2d 336, 341 (E.D.N.C. 2006) (holding that defendant's presence during the search strengthened his subjective expectation of privacy, assuming that his disclaimer of ownership was "not fatal to his standing").[1] Defendant's actual ownership of either the house or the keys thereto is insufficient to establish a subjective expectation of privacy. *See Ross*, 49 S.W.3d at 840-41. Moreover, because a disclaimer of ownership is sufficient to manifest an intent to abandon any expectation of privacy, the fact that the officers knew or suspected that the house actually belonged to Defendant is irrelevant. *See United States v. Sanders*, 130 F.3d 1316, 1318 (8th Cir. 1997) (rejecting argument that that defendant did not abandon his expectation of privacy "because officers knew he was lying when he claimed not to own the brown bag"). Thus, like in *Ross*, while Defendant may have "an actual possessory interest" in the house, it is clear from the record that he "abandoned any privacy interest" through his words and actions. 49 S.W.3d at 844.

Because Defendant disclaimed his privacy interest in the residence, he lacked standing to challenge the warrantless search of the curtilage of the home. Because Defendant lacked standing, I find it unnecessary to decide whether the officers exceeded the scope of the levy by walking around to the backyard. Therefore, I would reverse the judgment of the trial court suppressing the evidence found during the subsequent search of the home pursuant to a search warrant.

_____
TIMOTHY L. EASTER, JUDGE

---

[1] By no means do I suggest that a defendant's absence from a property, standing alone, is sufficient to establish abandonment of that property. *See State v. Lemaricus Devall Davidson*, No. E2013-00394-CCA-R3-DD, 2015 WL 1087126, at *12-13 (Tenn. Crim. App. Mar. 10, 2015), *aff'd in part, vacated in part*, 509 S.W.3d 156 (Tenn. 2016). However, in this case, I consider the fact that Defendant left the property, in conjunction with his statements to the officers that he did not own the home and did not live there just prior to their search, to be indicative of his intent to abandon his subjective expectation of privacy.