[No. F018341. Fifth Dist. Aug. 5, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
LEONARD A. ALLEN, Defendant and Apellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part I.

**COUNSEL**

Robert Erdmann, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Roger E. Venturi and Ward A. Campbell, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**VARTABEDIAN, J.**—In a consolidated information defendant, Leonard A. Allen, was charged in counts I, II, and III with possession of cocaine base

for sale. (Health & Saf. Code, § 11351.5.) He was also charged with one count of possession of marijuana. Defendant's motion to suppress was denied. Pursuant to a plea bargain, defendant entered guilty pleas to counts I and III for possession of cocaine base for sale. Defendant also admitted being personally armed with a weapon (Pen. Code, § 12022, subd. (c)). All other charges were dismissed. Defendant was sentenced to a total prison term of six years, based upon a three-year lower base term on count I plus a three-year lower enhancement term; a concurrent term was ordered on count III.

Defendant appeals, claiming his suppression motion with respect to count III was improperly denied. In the unpublished portion of this opinion, we determine that defendant's arrest and the police search of his vehicle were proper. Our published discussion focuses on the trial court's determination that defendant disclaimed standing to object to a search of his apparent residence. We find the trial court failed to consider all of the offered evidence relevant to the question of defendant's standing. We reverse and remand.

## FACTS[1]

The facts surrounding count I (possession of cocaine base for sale and personal use of a weapon on February 3, 1991) are not in issue on appeal and will not be discussed.

On March 5, 1991, police officers went to 2245 South Geneva to serve a search warrant at the residence located there. When the officers arrived, a car was in the driveway with defendant sitting in the driver's seat and Huey Randall in the passenger's seat. Dressed in their raid gear, Officer Andrews and Detective Coy approached the vehicle.

After seeing the officers approach, defendant and Randall conversed. There was activity between the two, and both of them bent over toward the floorboard. Officer Andrews saw Randall stuff a plastic bag into his sock. The substance inside the bag looked like rock cocaine. Defendant and Randall were arrested. The rock cocaine in Randall's sock was the basis for count II, which was dismissed pursuant to the plea bargain. The officers also observed a pager on the console of the car.

Following his arrest for count II, defendant was asked his address. He told Officer Andrews that he lived at 4765 East Lyell. When defendant was later advised by Officer Keith Foster that the officers were going to search the Lyell Avenue address, defendant claimed he lived at 4782 East Orleans.

---

[1]The facts are taken from the suppression hearing.

The residence at the Lyell address was searched. Officers found rock cocaine in the residence. They also found an envelope within the residence addressed to defendant at that address. Defendant was charged in count III with possession of cocaine base for sale based on the seizure of the rock cocaine from the Lyell Avenue residence.

DISCUSSION

I.

*Probable Cause to Arrest**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

II.

*Standing Regarding the Lyell Avenue Residence*

At the suppression hearing, defendant testified that on March 5, 1991, he was living at 4765 East Lyell Avenue. He admitted that, even though he had initially given the Lyell Avenue address as his residence to Officer Andrews, when Detective Foster said the officers were going to search the Lyell Avenue address, he gave a different address as his residence.

The lack of standing of defendant to challenge the search of the Lyell Avenue home was the sole basis for the court's denial of defendant's motion to suppress the evidence seized at that address. The defendant sought to present additional witnesses to testify that he lived at the Lyell Avenue address and to testify that he gave that address when first asked where he lived after his arrest in the driveway on Geneva Street. Defendant also sought to have the court take judicial notice of the preliminary hearing transcript. The People took the position at the suppression hearing that once the defendant made a disclaimer of residency at the Lyell Avenue address, his disclaimer alone demonstrated he did not have a legitimate expectation of privacy in the Lyell Avenue residence and precluded standing for all purposes, notwithstanding any evidence demonstrating an expectation of privacy at that location. The trial court agreed with the People's position and without accepting additional evidence ruled defendant's one denial of residency at the Lyell Avenue property precluded him from establishing a reasonable expectation of privacy at the Lyell Avenue address.

■ "The Fourth Amendment to the United States Constitution 'protects people from unreasonable government intrusions into their legitimate expectations of privacy.' [Citation.] The Fourth Amendment is not 'intended to

*See footnote, *ante*, page 1214.

guard only against intrusions in the home' but protects ' "persons, houses, papers, and effects." ' [Citation.] The question to be resolved in determining if a defendant has standing to object to a search is not whether he 'had a possessory interest in the items seized, but whether he had an expectation of privacy in the area searched.' [Citation.] 'While property ownership is clearly a factor to be considered in determining whether an individual's Fourth Amendment rights have been violated, . . . property rights are neither the beginning nor the end of this Court's inquiry.' [Citation.]

" '[T]he question is whether the challenged search and seizure violated the Fourth Amendment rights of a criminal defendant who seeks to exclude the evidence obtained during [the search]. That inquiry in turn requires a determination of whether the disputed search and seizure has infringed an interest of the defendant which the Fourth Amendment was designed to protect.' [Citation.] The Fourth Amendment protection depends 'upon whether the person who claims the protection of the Amendment has a legitimate expectation of privacy in the invaded place.' [Citation.]

■ " 'A defendant bears the burden to show he had such an expectation. [Citations.] Factors to consider in the determination include " 'whether the defendant has a [property or] possessory interest in the thing seized or the place searched; whether he has the right to exclude others from that place; whether he has exhibited a subjective expectation that it would remain free from governmental invasion, whether he took normal precautions to maintain his privacy and whether he was legitimately on the premises.' " [Citations.]' [Citation.]" (*People* v. *Ybarra* (1991) 233 Cal.App.3d 1353, 1360 [285 Cal.Rptr. 200].)

■ The trial court here looked to four cases in making its ruling. Defendant discusses and distinguishes those cases. We agree with defendant in finding the trial court erroneously relied on the disclaimer by defendant to the exclusion of all other evidence in determining if defendant had a reasonable expectation of privacy.

The trial court relied on the case of *United States* v. *Hawkins* (11th Cir. 1982) 681 F.2d 1343. Each of the three California appellate court cases relied on by the trial court had a rationale based on the *Hawkins* case.

In *United States* v. *Hawkins, supra,* 681 F.2d 1343, while the defendant was standing in a parking lot outside the baggage claim area at the airport, he was questioned by a law enforcement officer. A woman carrying a suitcase approached and defendant made hand signs to her. As the woman walked away with the suitcase, she was stopped by a second law enforcement officer. The defendant became disruptive and yelled that it was not his

suitcase and to get the woman away from him. A warrantless search of the suitcase revealed heroin. The defendant sought to suppress the evidence and testified that he owned the suitcase. The district court denied the motion, finding the defendant did not have standing. (*Id.* at p. 1344.) The circuit court agreed.

"Hawkins' case involves an affirmative disavowal of ownership rather than a passive failure to claim incriminating evidence. Although on the basis of these facts we hold Hawkins' actions and statements to the officers at the time of the investigation reveal a lack of a reasonable expectation of privacy in the suitcase, we do not mean to express by our ruling that a defendant must necessarily claim a property interest in the article at the time of the search, or that every type of statement disclaiming ownership of an article forecloses the establishment of a reasonable expectation of privacy therein. *Because an assertion of ownership is not, by itself, dispositive of the right to claim the protection of the fourth amendment, it follows that a disclaimer of ownership, while indeed strong indication that a defendant does not expect the article to be free from government intrusion, is not necessarily the hallmark for deciding the substance of a fourth amendment claim.* Hawkins' unsolicited and violent protests that he knew nothing about the woman or the suitcase are so inconsistent with a claim of privacy interest in the suitcase that he cannot later successfully assert that claim." (*United States* v. *Hawkins, supra,* 681 F.2d at p. 1346, italics added.)

The second case relied on by the trial court was *People* v. *Stanislawski* (1986) 180 Cal.App.3d 748 [225 Cal.Rptr. 770]. In *Stanislawski,* during an aerial observation, officers saw marijuana plants growing near the defendant's property. A search warrant was issued for the defendant's house and the adjacent hillside property. The defendant challenged the search of the hillside area. (*Id.* at pp. 751-753.)

The growing marijuana plants were located on the property owned by the defendant's neighbor. The defendant disclaimed any possessory or proprietary interest in the hillside property. The defendant asserted he had standing to challenge this portion of the search because he had joint control of the area. The defendant presented no evidence indicating he in fact exerted joint control over the hillside property. Citing *United States* v. *Hawkins, supra,* 681 F.2d 1343, the appellate court in *Stanislawski* stated: "Appellant has disclaimed any proprietary or possessory interest in both the campsite and the evidentiary items seized. It is settled law that a disclaimer of proprietary or possessory interest in the area searched or the evidence discovered terminates the legitimate expectation of privacy over such area or items." (*People* v. *Stanislawski, supra,* 180 Cal.App.3d at p. 757.)

*People* v. *Dasilva* (1989) 207 Cal.App.3d 43 [254 Cal.Rptr. 563] was the next case relied on by the trial court. Dasilva's car was stopped for a defective taillight. As matters progressed, the officer asked if he could look in the trunk of the car. Dasilva gave his consent and indicated that the only thing in the trunk that belonged to him was the guitar case. The officer opened the trunk and asked Dasilva's permission to search the other items seen in the trunk. "Dasilva stated the only thing that was his was the guitar case and he did not know anything about the other items in the trunk." (*Id.* at p. 46.) Contraband was found in the other items. Dasilva's motion to suppress was denied based on a lack of standing. (*Id.* at p. 47.)

The appellate court discussed *Stanislawski* and *Hawkins*: "Dasilva challenges *Stanislawski* by arguing the court there erred in relying upon *Hawkins* for a principle. *Hawkins* qualified by saying not every disclaimer of ownership forecloses a reasonable expectation of privacy in the property. However, the qualification does not detract from the principle for which *Stanislawski* relied upon *Hawkins*. Had Dasilva told Officer Hook he did not own the bags in the trunk but was using them, he might have retained an expectation of privacy over the bags, while disclaiming ownership. He did not do so." (*People* v. *Dasilva, supra,* 207 Cal.App.3d at p. 48.)

The court continued by stating: "To the extent federal cases are inconsistent with *Hawkins* and *Stanislawski*, we choose to follow *Hawkins* and *Stanislawski*. We will not extend California law to permit a defendant who disclaims possession of an object to take a contrary position in an effort to attain standing to seek to exclude that object from evidence. We hold because Dasilva disclaimed ownership in the contents of the trunk other than the guitar case, he lacks standing to seek their exclusion from evidence." (*People* v. *Dasilva, supra,* 207 Cal.App.3d at p. 49.)

In the final case relied on here by the trial court, *People* v. *Dees* (1990) 221 Cal.App.3d 588 [270 Cal.Rptr. 554], the defendant originally claimed ownership of a car. It was searched without his consent. The defendant later sought to dissociate himself from the car. His suppression motion was denied. On appeal, the People argued the defendant's lack of standing was shown by his position disavowing ownership of the vehicle. (*Id.* at pp. 590-593.)

The appellate court discussed *Hawkins, Stanislawski,* and *Dasilva.*

"These cases stand for the proposition that a total disclaimer of any interest in the area or item searched at the time of the search (*Hawkins,*

*Dasilva*), or the absence of *any* evidence of ownership, possession or control of such area or item (*Stanislawski*), will preclude a successful challenge to the legality of that search. In the former situation, the defendant has in effect given the authorities the green light to proceed insofar as his or her own Fourth Amendment rights are concerned. In the latter, there is a total failure of proof." (*People* v. *Dees, supra,* 221 Cal.App.3d at pp. 594-595, fn. omitted.)

The *Dees* court found the defendant's dissociation from the car was not fatal to his effort to preserve his Fourth Amendment rights. The appellate court reversed the denial of the suppression motion based on prosecutorial self-contradiction.[2]

In order to better understand what each of the California appellate cases means in its discussion of disclaimer constituting lack of standing, we must refer back to the language of the federal *Hawkins* case, upon which each state case relies. *Hawkins* clearly stated: "Because an assertion of ownership is not, by itself, dispositive of the right to claim the protection of the fourth amendment, it follows that a disclaimer of ownership, while indeed strong indication that a defendant does not expect the article to be free from government intrusion, is not necessarily the hallmark for deciding the substance of a fourth amendment claim." (*United States* v. *Hawkins, supra,* 681 F.2d at p. 1346.)

In addition, in *Stanislawski,* the uncontested record contained evidence of disclaimers and contained *no* evidence from which one could find any expectation of privacy by the defendant in the property searched. Likewise, in *Dasilva* the court acknowledged the defendant might have retained an expectation of privacy in the bags while denying ownership if he had claimed he was using the items in the trunk. (*People* v. *Dasilva, supra,* 207 Cal.App.3d at p. 48.) The search in *Dasilva* was also upheld based on Dasilva's consent. (*Id.* at p. 49.)

Here, the trial court erred in determining defendant's lack of standing based exclusively on his one statement giving his address as 4782 East Orleans without considering the other relevant evidence. The court was required to determine defendant's reasonable expectation of privacy based on all admissible evidence presented and not based solely on defendant's one statement giving a home address different than 4765 East Lyell Avenue. The trial court's rejection of defendant's offers to put on more proof regarding

---

[2]Defendant here has not raised on appeal an assertion of prosecutorial self-contradiction.

standing and defendant's request to take judicial notice of the preliminary hearing transcript was based on a misunderstanding of the law. Because the trial court did not consider all the evidence and precluded defendant from presenting additional evidence regarding his reasonable expectation of privacy in the Lyell Avenue address, we are unable to review the question any further. Defendant is entitled to a new suppression hearing regarding the search of the Lyell Avenue residence.

We note that defendant's one statement that he lived at a different address should not foreclose him from establishing an expectation of privacy at the Lyell Avenue address based on other considerations. ■ "[A] person can have a legally sufficient interest in a place other than his own home so that the Fourth Amendment protects him from unreasonable governmental intrusion into that place." (*Rakas* v. *Illinois* (1978) 439 U.S. 128, 142 [58 L.Ed.2d 387, 400, 99 S.Ct. 421].) ■ Unlike cases where a defendant makes vigorous oral disclaimers of ownership (see, for example, *United States* v. *Tolbert* (6th Cir. 1982) 692 F.2d 1041, 1043-1045), defendant here did not disclaim all interest in the area searched, the Lyell Avenue address; he merely gave a different location as his address.

## III.

### *Effect of Our Ruling on Other Counts*

While defendant does not challenge his conviction on count I, our reversal of the trial court's denial of the motion to suppress pertaining to unrelated count III requires us to afford defendant the opportunity to move to vacate his entire plea bargain should defendant prevail on the motion to suppress on remand. (See *People* v. *Miller* (1983) 33 Cal.3d 545 [189 Cal.Rptr. 519, 658 P.2d 1320].) Of course, the People could then prosecute defendant on all remaining counts and allegations, including those previously dismissed.

### DISPOSITION

Judgment is reversed and the cause is remanded to the superior court for the limited purpose of a renewed motion to suppress on count III. If defendant's motion to suppress is granted, defendant will be allowed to withdraw his guilty plea and the court shall reinstate the remaining original

charges contained in the consolidated information. Should the court deny the motion to suppress, the judgment shall be reinstated.

Martin, Acting P. J., and Moffat, J.,* concurred.

---

*Judge of the Madera Superior Court sitting under assignment by the Chairperson of the Judicial Council.