Lundberg Stratton, J.,
dissenting.
{¶ 2} I respectfully dissent from the majority’s decision to dismiss this appeal as having been improvidently accepted because I believe that the court of appeals creates an inconsistency in Fourth Amendment jurisprudence by holding that an individual’s abandonment of a hotel room does not apply to his privacy rights in the contents left in the hotel room.
{¶ 3} A review of the facts is necessary to understand my reasoning. At 2:45 a.m., Terry Taylor rented room 130 at the Royal Hotel so that he and appellant, Darnell Jones, would have a room to have sex with a woman whom Taylor had picked up. Jones and the woman occupied the room while Taylor left for several hours to check on his mother.
{¶ 4} Upon Taylor’s return to the hotel at approximately 11:00 a.m., Officers Florea and Olmsted of the Dayton police observed Taylor’s vehicle turning into the hotel parking lot without signaling. Taylor parked the vehicle in front of room 130, where the officers executed a traffic stop. Because Taylor did not have a valid driver’s license, Officer Olmsted asked Taylor to step out of his car and into the officers’ cruiser. Officer Florea then spotted Jones exiting room 130 with a bag.
{¶ 5} Believing that Jones might be approaching the car, Officer Florea asked Jones whether he had a driver’s license. Officer Florea testified that Jones denied having a valid ID, but claimed that “his girl” did. Officer Florea testified that Jones then reentered the room and after a brief time reemerged with a female. He was no longer carrying the bag.
*1204 {¶ 6} The officers ascertained from Jones that the car belonged to “his girl.” At the time, the officers mistakenly believed that “his girl” referred to the female who had emerged from the room with Jones.[1] Seeking to find a licensed driver to take Taylor’s vehicle, Officer Florea asked the female for her ID, and upon checking it, he determined that there was a warrant out for her arrest. Consequently, Officer Florea also placed her in the back of the police cruiser.
{¶ 7} Officer Florea testified that he then asked Jones whether he had a driver’s license. Officer Florea testified that Jones admitted that he had only a fake ID. Officer Florea next asked Jones for his Social Security number. However, Officer Florea found that the description of the individual with that Social Security number did not match Jones’s physical description.
{¶ 8} Officer Florea then asked who had rented the room. Officer Florea testified that the female stated that she did not know who had rented the room. He also testified that Jones denied that it was his room.
{¶ 9} Officer Florea testified that he and Officer Olmsted found that the door to room 130 was open, so they decided to enter, believing that Jones’s ID might be in the bag that he left in the room. The officers discovered that the bag contained what proved to be cocaine and crack cocaine. After Jones’s motion to suppress the evidence was denied, Jones pleaded no contest and was convicted of drug charges.
{¶ 10} In reversing the trial court’s denial of Jones’s motion to suppress, the court of appeals held: “Although Jones may have disclaimed any reasonable expectation of privacy in the motel room by denying it was his and by leaving the room with the door not fully closed, the motel room was not a public place of the same character as the bus station in State v. Freeman [(1980), 64 Ohio St.2d 291, 18 O.O.3d 472, 414 N.E.2d 1044], Jones clearly had access to the room, and there is nothing in the record to suggest that, when he left the bag behind in the room to escort the female out of the room to respond to the police, he had reason to believe that he would be taken into custody or otherwise prevented from reentering the room where he had left the bag. Under these circumstances, we conclude that Jones cannot be deemed to have abandoned the bag. Understandably, he did not want it on his person when he went back outside the room where the police were present.” State v. Jones, Montgomery App. No. 22558, 2009-Ohio-61, 2009 WL 50615, ¶ 42.
{¶ 11} Thus, the court of appeals clearly held that Jones had abandoned his right to claim an expectation of privacy in the hotel room. The question is whether Jones’s abandonment of his expectation of privacy regarding the room also applied to the bag within the room.
*1205 {¶ 12} “The Fourth Amendment protects persons from ‘unreasonable searches and seizures’ by the government. State ex rel. Rear Door Bookstore v. Tenth Dist. Court of Appeals (1992), 63 Ohio St.3d 354, 364, 588 N.E.2d 116.” State v. Jackson, 102 Ohio St.3d 380, 2004-Ohio-3206, 811 N.E.2d 68, ¶ 8. However, “[i]n order to have standing to challenge a search or seizure, the defendant must have a reasonable expectation of privacy in the evidence seized. See Alderman v. United States (1969), 394 U.S. 165, 171-172, 89 S.Ct. 961, 22 L.Ed.2d 176.” Id.
{¶ 13} The expectation of privacy under the Fourth Amendment extends to hotel occupants. Stoner v. California (1964), 376 U.S. 483, 486, 84 S.Ct. 889, 11 L.Ed.2d 856. An expectation of privacy applies to an occupant’s belongings as well. See Hoff a v. United States (1966), 385 U.S. 293, 301, 87 S.Ct. 408, 17 L.Ed.2d 374. However, a person forfeits that interest when a person abandons his or her hotel room. See Abel v. United States (1960), 362 U.S. 217, 241, 80 S.Ct. 683, 4 L.Ed.2d 668. Thus, disclaiming an expectation of privacy in the hotel room also necessarily operates to disclaim any expectation of privacy as to items in that abandoned room.
{¶ 14} “ ‘Abandonment is primarily a question of intent, and intent may be inferred from words spoken, acts done, and other objective facts. United States v. Cowan, 2d Cir.1968, 396 F.2d 83, 87. All relevant circumstances existing at the time of the alleged abandonment should be considered. United States v. Manning, 5th Cir.1971, 440 F.2d 1105, 1111.’ ” Freeman, 64 Ohio St.2d at 297, 18 O.O.3d 472, 414 N.E.2d 1044, quoting United States v. Colbert (C.A.5, 1973), 474 F.2d 174, 176.
{¶ 15} However, an individual’s express abandonment can alone be sufficient to extinguish an expectation of privacy in a property interest. State v. Ross (Tenn.2001), 49 S.W.3d 833, 841-842. In Ross, officers knocked on the door to room 121, trying to recover stolen checks. Id. at 837. The officers asked the occupants of the room, including the defendant, to step into the hall. Defendant had the key to room 132 in his possession. When questioned by the officers, the defendant “denied that the key was his.” Id. The police then searched room 132 and found 54 grams of crack cocaine.
{¶ 16} The trial court denied the defendant’s motion to suppress, finding that Ross had abandoned his expectation of privacy in the room when he denied that he had rented it. A jury convicted defendant on drug charges.
{¶ 17} The Supreme Court of Tennessee affirmed, stating that “a defendant’s disclaimer is more than just another factor to consider [in determining abandonment], and ‘when one disclaims interest in the premises or possessions searched or in the articles seized he cannot question the legality of the search and seizure.’ ” Ross, 49 S.W.3d at 841, quoting Bowman v. State (1962), 211 Tenn. 38, 41, 362 S.W.2d 255. The court added, “[A] defendant’s disclaimer of an interest *1206 in the object of a government investigation will result in a loss of the defendant’s subjective expectation of privacy in that object, irrespective of other considerations such as actual ownership or possession.” Id. at 842. “By disclaiming ownership of the key, the appellant effectively gave ‘the authorities the green light to proceed insofar as his own Fourth Amendment rights [were] concerned’ * * Id. 842, quoting People v. Allen (1993), 17 Cal.App.4th 1214, 1222, 21 Cal.Rptr.2d 668.
{¶ 18} While Ross is not squarely on all fours with the instant case, it stands for the proposition that a defendant’s express disclaimer of “ownership” of a hotel room alone is sufficient to extinguish his or her expectation of privacy in that room and its contents. Relying on the rule of abandonment and the rationale in Ross, I would hold that the court of appeals erred in concluding that Jones’s intent when he reentered the room controls our disposition in determining whether the bag was subject to Fourth Amendment protections. Irrespective of his intent at that time, Jones later left the bag in the room with the door open and expressly disclaimed ownership of the room. Consistent with Ross, Jones’s express abandonment alone was sufficient to extinguish his expectation of privacy in the hotel room and its contents, including the bag.
{¶ 19} Finally, upon questioning Jones, the officers discovered that he had only a fake ID in his immediate possession and had produced a Social Security number that was not his. Therefore, even though it is a moot point because Jones lacks standing to raise a Fourth Amendment challenge, it was reasonable for the officers to believe that they might find something in the bag that would identify Jones.
{¶ 20} Consequently, I would consider the state’s appeal and hold that Jones’s express disclaimer of any expectation of privacy in the hotel room operated to nullify any expectation of privacy that he had in the bag. Therefore, because Jones had no standing to challenge the officers’ seizure of the bag, I would reverse the judgment of the court of appeals. Accordingly, I respectfully dissent.
Cupp, J., concurs in the foregoing opinion.

. The officers later learned that Jones’s “girl” was Ashley Brooks, who was not at the hotel.